# Exhibit E

Page 5192

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

THE HON. CORMAC J. CARNEY, JUDGE PRESIDING


UNITED STATES OF AMERICA,        )
                                 )
                PLAINTIFF,       )
                                 )
        VS.                      ) NO. SACR 08-00139-CJC
WILLIAM J. RUEHLE,               )
                DEFENDANT.       )
_____)



REPORTER'S TRANSCRIPT OF PROCEEDINGS

SANTA ANA, CALIFORNIA

TUESDAY,DECEMBER 15, 2009

9:00









MARIA BEESLEY-DELLANEVE, CSR 9132
        OFFICIAL FEDERAL REPORTER
        RONALD REAGAN FEDERAL BUILDING
        411 W. 4TH STREET, ROOM 1-053
        SANTA ANA, CA  92701
        (714) 564-9259

Electronically signed by Maria Beesley (501-187-561-9309)                                        b77c98fa-adc9-4fd7-81c3-4a4be6f7a375

Page 5193

**APPEARANCES:**

**FOR THE PLAINTIFF:**   GEORGE S. CARDONA
UNITED STATES ATTORNEY
BY:  ANDREW STOLPER
AND ROBB ADKINS,
    GREG STAPLES,
ASSISTANT UNITED STATES ATTORNEY
411 W. 4TH STREET, 8TH FLOOR
SANTA ANA, CALIFORNIA 92701

**FOR THE DEFENDANT RUEHLE:**   SKADDEN ARPS SLATE MEAGHER
                                **BY:**  RICHARD MARMARO, ESQ.
AND  JACK DICANIO, ESQ.
    MATTHEW UMHOFER, ESQ.
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071
(213)687-5535

**FOR HENRY SAMUELI:**   MCDERMOTT WILL & EMERY
BY:  GORDON GREENBERG, ESQ.
2049 CENTURY PARK EAST, SUITE 3800
LOS ANGELES, CALIFORNIA 90067-3218
(310) 551-9398

FOR HENRY NICHOLAS:   WILLIAMS & CONNOLLY LLP
BY:  BRENDAN SULLIVAN, ESQ.
725 TWELFTH STREET N.W.
WASHINGTON D.C. 20005
(202) 434-5460

**FOR DAVID DULL:**   QUINN EMANUEL URQUHART OLVER & HEDGES
BY:  JAMES ASPERGER, ESQ.
AND SETH ARONSON, ESQ.
865 S. FIGUEROA ST 10TH FL
LOS ANGELES, CALIFORNIA 90017

Page 5194

SANTA ANA, CALIFORNIA; TUESDAY, DECEMBER 15, 2009

-OOO-

**THE CLERK:**  ITEM NUMBER ONE, SACR 08-139-CJC. UNITED STATES VERSUS WILLIAM J. RUEHLE.

COUNSEL, PLEASE STATE YOUR APPEARANCES FOR THE RECORD.

**MR. ADKINS:**  GOOD MORNING, YOUR HONOR.  ROBB ADKINS, GEORGE CARDONA, ANDREW STOLPER, AND GREG STAPLES ON BEHALF OF THE UNITED STATES.

**THE COURT:**  GOOD MORNING, GENTLEMEN.

**MR. MARMARO:**  GOOD MORNING, YOUR HONOR.  RICHARD MARMARO AND JACK DICANIO FOR MR. RUEHLE, WHO IS PRESENT.

**THE COURT:**  GOOD MORNING.

AND I THINK WE HAVE SOME OTHER LAWYERS; RIGHT?  AND PARTIES?

MR. SULLIVAN, I SEE YOU THERE, SIR.

**MR. SULLIVAN:**  BRENDAN SULLIVAN OF WILLIAMS AND CONNOLLY FOR DR. HENRY NICHOLAS.

**MR. ASPERGER:**  GOOD MORNING, YOUR HONOR.  JIM ASPERGER AND SETH ARONSON FOR MR. DULL.

**MR. GREENBERG:**  GORDON GREENBERG ON BEHALF OF DR. HENRY SAMUELI, WHO IS PRESENT BEFORE THE COURT.

**THE COURT:**  GOOD MORNING TO ALL OF YOU.

WHAT I THOUGHT I WOULD DO IS READ INTO THE RECORD MY DECISION, AND THEN I'LL GIVE EVERYONE A NOTICE AND OPPORTUNITY TO SAY WHATEVER THEY WANT TO SAY ON THE RECORD.

I HEARD ALL THE EVIDENCE PRESENT AT MR. RUEHLE'S TRIAL AND AT THE EVIDENTIARY HEARINGS.  I NOW KNOW THE ENTIRE STORY OF WHAT HAPPENED.  THIS DECISION SUPERSEDES ANY PRIOR FINDINGS, RULINGS OR CREDIBILITY DETERMINATION THAT I HAD MADE ON A PARTIAL RECORD WITHOUT THE BENEFIT OF ALL THE FACTS.

BASED ON THE COMPLETE RECORD NOW BEFORE ME, I FIND THAT THE GOVERNMENT HAS INTIMIDATED AND IMPROPERLY INFLUENCED THE THREE WITNESSES CRITICAL TO MR. RUEHLE'S DEFENSE.  THE CUMULATIVE EFFECT OF THAT MISCONDUCT HAS DISTORTED THE TRUTH-FINDING PROCESS AND COMPROMISED THE INTEGRITY OF THE TRIAL.

TO SUBMIT THIS CASE TO THE JURY WOULD MAKE A MOCKERY OF MR. RUEHLE'S CONSTITUTIONAL RIGHT TO COMPULSORY PROCESS AND A FAIR TRIAL.  THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION GUARANTEES THE ACCUSED THE RIGHT TO COMPULSORY PROCESS FOR WITNESSES IN ITS DEFENSE.  FOR THIS CONSTITUTIONAL RIGHT TO HAVE TRUE MEANING, THE GOVERNMENT MUST NOT DO ANYTHING TO INTIMIDATE OR IMPROPERLY INFLUENCE WITNESSES.  SADLY, GOVERNMENT DID SO IN THIS CASE.

MR. RUEHLE'S PRIMARY DEFENSE HERE HAS BEEN THAT HE HAD NO CRIMINAL INTENT TO VIOLATE THE SECURITIES LAWS.  TO SUCCEED, IT WAS IMPERATIVE FOR MR. RUEHLE TO CALL THE THREE AVAILABLE WITNESSES WHO HAD KNOWLEDGE OF BROADCOM'S STOCK-OPTION GRANTING PRACTICES.  THOSE THREE WITNESSES WERE NANCY TULLOS, THE VICE PRESIDENT OF HUMAN RESOURCES; DAVID DULL, THE GENERAL COUNSEL; AND DR. HENRY SAMUELI, COFOUNDER AND CHIEF TECHNICAL OFFICER.  FOR

Electronically signed by Maria Beesley (501-187-561-9309)                                                                b77c98fa-adc9-4fd7-81c3-4a4be6f7a375

Page 5196

WHATEVER REASON, THE GOVERNMENT INTIMIDATED AND IMPROPERLY INFLUENCED EACH OF THEM.

LET ME FIRST FOCUS ON MS. TULLOS.  AFTER MS. TULLOS DECLINED TO COOPERATE WITH THE GOVERNMENT, THE LEAD PROSECUTOR CALLED THE GENERAL COUNSEL OF MS. TULLOS' NEW EMPLOYER AND MADE INAPPROPRIATE STATEMENTS TO HIM THAT CAUSED MS. TULLOS TO LOSE HER JOB.

AFTER THOSE EVENTS IN A REVERSE PROFFER SESSION THAT LEFT HER UNDERSTANDABLY SCARED, MS. TULLOS ENTERED INTO AN UNUSUAL COOPERATION PLEA AGREEMENT CONTAINING A QUESTIONABLE FACTUAL BASIS, THAT SEVEN YEARS BEFORE ANY GOVERNMENT INVESTIGATION COMMENCED INTO BROADCOM, MS. TULLOS OBSTRUCTED JUSTICE BY ASKING AN EMPLOYEE TO DELETE AN E-MAIL THAT MS. TULLOS HERSELF NEVER DELETED AND, IN FACT, COPIED TO ANOTHER PERSON.

THE GOVERNMENT ALSO TOLD MS. TULLOS THAT SHE WOULD HAVE TO PLEAD TO A FELONY BECAUSE IT LOOKED MORE CONVINCING TO A JURY. AND, MOST TROUBLING, THE GOVERNMENT MET WITH MS. TULLOS ON 26 SEPARATE OCCASIONS AND SUBJECTED HER TO GRUELING INTERROGATION DURING WHICH THE GOVERNMENT INTERJECTED ITS VIEWS OF THE EVIDENCE AND, AT LEAST ON ONE OCCASION, TOLD HER THAT SHE WOULD NOT RECEIVE THE BENEFITS OF COOPERATION UNLESS SHE TESTIFIED DIFFERENTLY THAN SHE HAD INITIALLY IN AN EARLIER SESSION.

NOT SURPRISINGLY, MS. TULLOS' TESTIMONY AT TRIAL CAME OFF SCRIPTED AND NOT CONSISTENT WITH THE EXTENSIVE E-MAIL TRAIL BROUGHT OUT DURING CROSS-EXAMINATION.

Page 5197

I HAVE ABSOLUTELY NO CONFIDENCE THAT ANY PORTION OF MS. TULLOS'S TESTIMONY WAS BASED ON HER OWN INDEPENDENT RECOLLECTION OF EVENTS AS OPPOSED TO WHAT THE GOVERNMENT THOUGHT HER RECOLLECTION SHOULD BE ON THOSE EVENTS.

LET ME NEXT FOCUS ON MR. DULL.  THE GOVERNMENT BELIEVED THAT MR. DULL WAS A COCONSPIRATOR YET IT DECIDED NOT TO SEEK CHARGES AGAINST HIM FOR SECURITIES FRAUD.  IN EFFECT, THE GOVERNMENT LEFT MR. DULL HANGING IN THE WIND AND UNCERTAIN OF HIS FATE FOR ALMOST TWO YEARS.  DURING TRIAL, I GRANTED MR. DULL IMMUNITY SO HE COULD TESTIFY FOR THE DEFENSE.

AFTER I HAD DONE SO, THE LEAD PROSECUTOR CONTACTED COUNSEL FOR MR. DULL AND THREATENED TO PROSECUTE MR. DULL IF HE TESTIFIED CONSISTENTLY WITH HIS PRIOR TESTIMONY BEFORE THE SEC. COMPOUNDING HIS MISCONDUCT, THE LEAD PROSECUTOR ATTEMPTED TO NEGOTIATE THE TESTIMONY OF MR. DULL BY, AMONG OTHER THINGS, PROMISING A SOFT CROSS IF MR. DULL INCRIMINATED OR DISPARAGED MR. RUEHLE.  THE LEAD PROSECUTOR SOMEHOW FORGOT THAT TRUTH IS NEVER NEGOTIABLE.

FINALLY, LET ME FOCUS ON DR. SAMUELI.  THE UNCONTROVERTED EVIDENCE AT TRIAL ESTABLISHED THAT DR. SAMUELI WAS A BRILLIANT ENGINEER AND A MAN OF INCREDIBLE INTEGRITY.  THERE WAS NO EVIDENCE AT TRIAL TO SUGGEST THAT DR. SAMUELI DID ANYTHING WRONG, LET ALONE CRIMINAL.  YET, THE GOVERNMENT EMBARKED ON A CAMPAIGN OF INTIMIDATION AND OTHER MISCONDUCT TO EMBARRASS HIM AND BRING HIM DOWN.

Page 5198

AMONG OTHER WRONGFUL ACTS THE GOVERNMENT, ONE, UNREASONABLY DEMANDED THAT DR. SAMUELI SUBMIT TO AS MANY AS 30 GRUELING INTERROGATIONS BY THE LEAD PROSECUTOR.

TWO, FALSELY STATED AND IMPROPERLY LEAKED TO THE MEDIA THAT DR. SAMUELI WAS NOT COOPERATING IN THE GOVERNMENT'S INVESTIGATION.

THREE, IMPROPERLY PRESSURED BROADCOM TO TERMINATE DR. SAMUELI'S EMPLOYMENT AND REMOVE HIM FROM THE BOARD.

FOUR, MISLED DR. SAMUELI INTO BELIEVING THAT THE LEAD PROSECUTOR WOULD BE REPLACED BECAUSE OF MISCONDUCT.

FIVE, OBTAINED AN INFLAMMATORY INDICTMENT THAT REFERRED TO DR. SAMUELI 72 TIMES AND ACCUSED HIM OF BEING AN UNINDICTED COCONSPIRATOR WHEN THE GOVERNMENT NEW, OR SHOULD HAVE KNOWN, THAT HE DID NOTHING WRONG.

AND SEVEN, CRAFTED AN UNCONSCIONABLE PLEA AGREEMENT PURSUANT TO WHICH DR. SAMUELI WOULD PLEAD GUILTY TO A CRIME HE DID NOT COMMIT AND PAY A RIDICULOUS SUM OF $12 MILLION TO THE UNITED STATES TREASURY.

ONE MUST CONCLUDE THAT THE GOVERNMENT ENGAGED IN THIS MISCONDUCT TO PRESSURE DR. SAMUELI TO FALSELY ADMIT GUILT AND INCRIMINATE MR. RUEHLE OR, IF HE WAS UNWILLING TO MAKE SUCH A FALSE ADMISSION AND INCRIMINATION, TO DESTROY DR. SAMUELI'S CREDIBILITY AS A WITNESS FOR MR. RUEHLE.

NEEDLESS TO SAY, THE GOVERNMENT'S TREATMENT OF DR. SAMUELI WAS SHAMEFUL AND CONTRARY TO AMERICAN VALUES OF DECENCY

Page 5199

AND JUSTICE.

IN LIGHT OF MY FINDING OF GOVERNMENT MISCONDUCT AND DENIAL OF MR. RUEHLE'S CONSTITUTIONAL RIGHT TO COMPULSORY PROCESS, I MUST NOW EXERCISE MY SUPERVISORY AUTHORITY AND ISSUE THE **FOLLOWING ORDER:**

NUMBER ONE, I'M GOING TO DISMISS, WITH PREJUDICE, THE STOCK-OPTION BACKDATING INDICTMENT AGAINST MR. RUEHLE AND ENTER A JUDGMENT OF ACQUITTAL.  THIS DISMISSAL AND JUDGMENT ARE BASED ON TWO SEPARATE, BUT RELATED GROUNDS.

FIRST, AS I PREVIOUSLY STATED, THE GOVERNMENT MISCONDUCT HAS DEPRIVED MR. RUEHLE OF THE RIGHT TO COMPULSORY PROCESS AND A FAIR TRIAL.  AND SECOND, THERE IS INSUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION AGAINST MR. RUEHLE.  BECAUSE THE GOVERNMENT IMPROPERLY INFLUENCED MS. TULLOS, HER TRIAL TESTIMONY IS UNRELIABLE AND MUST BE STRICKEN.

WITHOUT MS. TULLOS' TAINTED TESTIMONY THERE IS INSUFFICIENT EVIDENCE THAT MR. RUEHLE HAD THE CRIMINAL INTENT NECESSARY TO VIOLATE ANY OF THE LAWS ALLEGED IN THE INDICTMENT.

I SHOULD NOTE THAT THIS LATTER GROUND PROHIBITS THE GOVERNMENT FROM PROSECUTING MR. RUEHLE AGAIN FOR ANY CRIME RELATED TO THE STOCK OPTION PRACTICES AT BROADCOM.  TO DO SO WOULD VIOLATE THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT.

NUMBER TWO, I'M GOING TO DISMISS, WITH PREJUDICE, THE STOCK-OPTION BACKDATING INDICTMENT AGAINST DR. NICHOLAS.  THE THREE WITNESSES THAT MR. RUEHLE NEEDED TO PROVE HIS INNOCENCE ARE

Page 5200

THE SAME THREE WITNESSES THAT DR. NICHOLAS NEEDS TO PROVE HIS INNOCENCE.  CONSEQUENTLY, DR. NICHOLAS IS DENIED HIS RIGHT TO COMPULSORY PROCESS AND HE CANNOT RECEIVE A FAIR TRIAL.

NUMBER THREE, I'M GOING TO ORDER GOVERNMENT TO SHOW CAUSE, ON FEBRUARY 2, 2010, AT 9:00 A.M. WHY THE DRUG DIRECTION INDICTMENT AGAINST DR. NICHOLAS SHOULD NOT BE DISMISSED.  THE THREE MATERIAL WITNESSES IN THE STOCK-OPTION BACKDATING CASE WILL UNDOUBTEDLY BE WITNESSES IN THE DRUG DISTRIBUTION CASE, BUT I'M NOT SURE WHETHER THE DIFFERENT NATURE OF THE DRUG CHARGES REDUCES THE PREJUDICE TO DR. NICHOLAS SO HE CAN STILL EXERCISE HIS RIGHT TO COMPULSORY PROCESS AND RECEIVE A FAIR TRIAL.

I DO ASK THAT THE GOVERNMENT KEEP IN MIND TWO ISSUES IN ITS DECISION WHETHER TO GO FORWARD WITH THE DRUG DISTRIBUTION CASE AGAINST DR. NICHOLAS.  FIRST, THERE WILL BE OTHER EVIDENCE OF GOVERNMENT MISCONDUCT INTRODUCED AT THAT TRIAL, SUCH AS THE GOVERNMENT'S THREAT TO ISSUE A GRAND JURY SUBPOENA TO DR. NICHOLAS' 13-YEAR-OLD-SON AND FORCE THE BOY TO TESTIFY AGAINST HIS FATHER.

AND SECOND, DR. NICHOLAS'S E-MAIL TO HIS FORMER WIFE ENTITLED "BRETT'S HOME RUN" WILL NOT BE ADMITTED AT TRIAL UNDER ANY CIRCUMSTANCE.  THE E-MAIL IS VERY PRIVATE AND PERSONAL AND WILL NOT BE PUBLICLY AIRED IN THIS COURT AGAIN.

FOUR, I'M GOING TO LIFT THE STAY IMPOSED IN THE SEC CIVIL STOCK-OPTION BACKDATING CASE AND DISMISS THAT COMPLAINT WITHOUT PREJUDICE.  THE SEC HAS 30 DAYS TO FILE AN AMENDED

Page 5201

COMPLAINT. I DO, HOWEVER, DISCOURAGE THE SEC FROM PROCEEDING FURTHER WITH THE CASE.

THE GOVERNMENT'S MISCONDUCT HAS COMPROMISED THE INTEGRITY AND LEGITIMACY OF THE CASE AND THE EVIDENCE AT MR. RUEHLE'S TRIAL ESTABLISHED THE SEC WILL HAVE GREAT DIFFICULTY PROVING THAT THE DEFENDANTS ACTED WITH THE RECKLESS SCIENTER.

THE ACCOUNTING STANDARDS AND GUIDELINES UP WERE NOT CLEAR, AND THERE WAS CONSIDERABLE DEBATE IN THE HIGH-TECH INDUSTRY AS TO THE PROPER ACCOUNTING TREATMENT FOR STOCK OPTION GRANTS. INDEED, APPLE AND MICROSOFT WERE ENGAGING IN THE EXACT SAME PRACTICES AS THOSE OF BROADCOM.

NOW, I'M SURE THERE ARE GOING TO BE MANY PEOPLE WHO ARE GOING TO BE CRITICAL OF MY DECISION IN THIS CASE AND ARGUE THAT I'M BEING TOO HARD ON THE GOVERNMENT. I STRONGLY DISAGREE. I HAVE A SOLEMN OBLIGATION TO HOLD THE GOVERNMENT TO THE CONSTITUTION. I'M DOING NOTHING MORE AND NOTHING LESS. AND I ASK MY CRITICS TO PUT THEMSELVES IN THE SHOES OF THE ACCUSED.

YOU ARE CHARGED WITH SERIOUS CRIMES AND, IF CONVICTED ON THEM, YOU WILL SPEND THE REST OF YOUR LIFE IN PRISON. YOU ONLY HAVE THREE WITNESSES TO PROVE YOUR INNOCENCE AND GOVERNMENT HAS INTIMIDATED AND IMPROPERLY INFLUENCED EACH ONE OF THEM. IS THAT FAIR? IS THAT JUSTICE? I SAY ABSOLUTELY NOT.

I'D LIKE TO CONCLUDE WITH THE POWERFUL AND INSIGHTFUL PASSAGE FROM THE U.S. SUPREME COURT IN THE CASE OF BERGER V. UNITED STATES.

Page 5202

"THE UNITED STATES ATTORNEY IS THE REPRESENTATIVE, NOT OF AN ORDINARY PARTY TO A CONTROVERSY, BUT OF A SOVEREIGNTY WHOSE OBLIGATION TO GOVERN IMPARTIALLY IS AS COMPELLING AS ITS OBLIGATION TO GOVERN AT ALL, AND WHOSE INTEREST, THEREFORE, IN A CRIMINAL PROSECUTION IS NOT THAT IT SHALL WIN A CASE, BUT THAT JUSTICE SHALL BE DONE.  AS SUCH, HE IS IN A PECULIAR AND A VERY DEFINITE SENSE THE SERVANT OF THE LAW, THE TWOFOLD AIM OF WHICH IS THAT GUILT SHALL NOT ESCAPE OR INNOCENT SUFFER.

HE MAY PROSECUTE WITH EARNESTNESS AND VIGOR.  INDEED, HE SHOULD DO SO.  BUT WHILE HE MAY STRIKE HARD BLOWS, HE IS NOT AT LIBERTY TO STRIKE FOUL ONES.  IT IS MUCH HIS DUTY TO REFRAIN FROM IMPROPER METHODS CALCULATED TO PRODUCE A WRONGFUL CONVICTION AS IT IS TO USE EVERY LEGITIMATE MEANS TO BRING ABOUT A JUST ONE."

I SINCERELY REGRET THAT THE GOVERNMENT DID NOT HEED THE RIGHTEOUS WORDS OF THE SUPREME COURT.

MR. MARMARO, I'LL HEAR FROM YOU FIRST, SIR, IF THERE IS ANYTHING YOU OR MR. RUEHLE WOULD LIKE TO STATE ON THE RECORD.

**MR. MARMARO:**  YOUR HONOR, IT'S VERY DIFFICULTY OBVIOUSLY, HAVING HEARD THE COURT'S COMMENTS, TO GIVE A COMPOSED RESPONSE OR A STATEMENT, BUT I JUST WANT TO SAY ONE THING, YOUR HONOR.  YOU HAVE SAID ALL ALONG THAT YOU WANTED TO HEAR THE WHOLE STORY.  BUT IF IT WEREN'T FOR WHAT YOU DID, WE WOULD NOT HAVE HEARD THE WHOLE STORY.  IF IT WEREN'T FOR YOUR DECISION TO GRANT DEFENSE WITNESSES IMMUNITY, WE WOULD NOT HAVE HEARD FROM DR. SAMUELI AND MR. DULL.  AND YOU WOULD HAVE BEEN STUCK WITH ONLY

Page 5203

PART OF THE STORY.

SO IN A VERY LARGE SENSE, YOUR HONOR, WHAT HAPPENED, WHAT YOU ANNOUNCED TODAY IS THE DIRECT RESULT OF WHAT YOU DID.

AND I HAVE TO TELL YOU, YOUR HONOR, 34 YEARS AGO TODAY, TO THE DAY, DECEMBER 15, 1975, I PASSED THE BAR.  WHAT HAPPENED IN THIS COURT WAS VERY DIFFICULT TO WATCH, BUT WHAT HAPPENED TODAY RESTORES MY FAITH AND I CAN HONESTLY SAY I HAVE NEVER BEEN MORE PROUD TO BE A LAWYER.

**THE COURT:**  MR. SULLIVAN, I KNOW I'M PROBABLY CATCHING YOU A LITTLE OFF GUARD, BUT GIVEN THE MANY ORDERS THAT I HAVE ISSUED, I DON'T KNOW IF THERE IS ANYTHING YOU WOULD LIKE TO SAY ON THE RECORD, SIR.

**MR. SULLIVAN:**  OF COURSE, MR. MARMARO IS A YOUNG LAWYER. I HAVE BEEN DOING THIS 42 YEARS, BUT I ADOPT HIS MOVING WORDS.

I GUESS THAT WHEN I WAS A YOUNG LAWYER, I WAS NAIVE AND I THOUGHT THAT FAIRNESS WAS ASSURED IN OUR COURTROOMS BECAUSE OUR FOUNDING FATHERS HAD DEVISED THIS MAGICAL CONSTITUTION AND THIS MAGICAL BILL OF RIGHTS, AND SOMEHOW IF THE GOVERNMENT LIVED BY THAT, THAT WE WOULD ALWAYS BE JUST FINE.  BUT I WAS NAIVE.  I LEARNED IN SHORT ORDER THAT THE ONLY THING THAT ASSURES FAIRNESS IN THE COURTROOM ARE JUDGES WITH COURAGE TO KEEP THEIR EYES OPEN, WATCH WHAT IS HAPPENING, KEEP AN OPEN MIND AND MAKE FAIR DECISIONS, FAIR TO BOTH SIDES.

AND, YOUR HONOR, I STAND IN AWE OF WHAT YOU HAVE DONE HERE TODAY BASED UPON THE MANY DAYS OF TEDIOUS TRIAL THAT WE HAVE

Page 5204

SEEN.

I'LL ADD ONLY ONE THING TO YOUR SUPREME COURT ARGUMENT. AND WE ALL KNOW, WITHOUT SAYING, THAT THERE ARE MANY, MANY FINE MEN AND WOMEN IN GOVERNMENT SERVICE, IN PROSECUTOR'S OFFICES AND ALSO IN THE FBI.  AND WE APPLAUD THEM.  AND SOMETIMES WE DO SEE THE KIND OF MISCONDUCT ON THE PART OF AN INDIVIDUAL OR SEVERAL INDIVIDUALS.

BUT I'M REMINDED WHEN I HEARD YOUR SUPREME COURT QUOTE, HOW SIMILAR IT WAS TO THE QUOTE I HEARD EIGHT MONTHS AGO, APRIL 8, 2008, FROM THE ATTORNEY GENERAL HIMSELF, A MESSAGE THAT WAS DELIVERED TO ALL STATE DEPARTMENT U.S. ATTORNEYS.  AND I QUOTE HIM.

"YOUR JOB AS U.S. ATTORNEYS IS NOT TO CONVICT PEOPLE, YOUR JOB IS NOT TO WIN CASES.  YOUR JOB IS TO DO JUSTICE.  YOUR JOB IS IN EVERY CASE, EVERY DECISION THAT YOU MAKE, TO DO THE RIGHT THING.  ANYBODY WHO ASKS YOU TO DO SOMETHING OTHER THAN THAT IS TO BE IGNORED.  ANY POLICY THAT IS AT TENSION WITH THAT IS TO BE QUESTIONED AND BROUGHT TO MY ATTENTION."

THE MESSAGE DELIVERED BY THIS COURT TODAY HAD BEEN HEARD THROUGHOUT THE COUNTRY BY ALL WHO ENFORCE THE LAW, AND WE ARE ALL BETTER OFF AND THE SYSTEM OF JUSTICE WILL BE BETTER OFF FOR THE COURAGE DEMONSTRATED IN THIS COURT ON THIS DATE.  THANK YOU.

THE COURT:  MR. GREENBERG, IS THERE ANYTHING YOU WOULD LIKE TO SAY ON BEHALF OF DR. SAMUELI?

MR. GREENBERG:  THANK YOU, YOUR HONOR.

Page 5205

I'M IN A DANGEROUS POSITION, A LAWYER WHO IS BREATHLESS. I REALLY -- MY BREATH IS TAKEN AWAY BECAUSE, ECHOING THE SENTIMENTS OF MY COLLEAGUES HERE, THIS TRULY IS A TURNING POINT, I BELIEVE, THAT WILL BE HEARD THROUGHOUT THE COUNTRY.

I SAT AT THAT TABLE AS A PROSECUTOR AND ENJOYED IT.  IT WAS THE GREATEST JOB I HAD IN MY LIFE.  THE MOST ENJOYABLE BECAUSE THE PRESUMPTION OF CREDIBILITY, YOU ARE CLOAKED WITH IT FROM THE MOMENT THAT YOU WALK INTO THE COURTROOM.  USUALLY, FROM THE JUDGE'S PERSPECTIVE, FRANKLY FROM THE CLERK'S PERSPECTIVE, IT'S YOUR CREDIBILITY TO LOSE.

AND IT'S A TREMENDOUS BURDEN DOING IT ON THE OTHER SIDE OF THE EQUATION, YOUR HONOR, TO PIERCE THAT.  AND TODAY THE COURT'S ACKNOWLEDGMENT, ESPECIALLY IN LIGHT OF WHERE WE STARTED IN THIS CASE, YOUR HONOR, WHICH I CAN ONLY SAY TO YOUR HONOR, THAT IT'S REMARKABLE BECAUSE IN A PUBLIC SETTING, YOUR HONOR HAS SET THE RECORD STRAIGHT AND INDICATED INITIALLY THAT IT WANTED TO HEAR THE FACTS OF THIS AND REJECTED OUR PLEA, AND I COULD ONLY BE THANKFUL FOR THAT.

I SAY THAT TO YOU SINCERELY BECAUSE IT TAKES NOT ONLY A TREMENDOUS JUDGE, BUT A TREMENDOUS HUMAN BEING TO RECOGNIZE THAT THAT WAS, FRANKLY, THE WRONG DECISION, IF I MAY SAY SO, YOUR HONOR, AT THE TIME IN TERMS OF HOW IT WAS POSTURED AT THAT TIME.

AND I THANK YOUR HONOR FOR LISTENING CAREFULLY AND KEEPING AN OPEN MIND, AND TRULY LOOKING AT THE EVIDENCE, AND UNDERSTANDING AND GETTING TO THE POINT OF EXACTLY WHAT HAPPENED

Page 5206

HERE.

AND I THINK THAT OUR JUSTICE SYSTEM WILL EMBRACE THIS. THERE HAVE BEEN MANY CIRCUMSTANCES AROUND THE COUNTRY MOST RECENTLY WHERE A NUMBER OF CASES HAVE BEEN TOSSED BECAUSE OF PROSECUTORS PLACING THEIR THUMB ON THE SCALES OF JUSTICE.  AND SADLY, THE OFFICE THAT I LOVED SO MUCH, HERE, WHICH IS A TREMENDOUS OFFICE, THE U.S. ATTORNEY'S OFFICE, DID SO IN THIS CASE.

AND I THANK YOUR HONOR FOR THE COURAGE TO GO FORWARD AND SET THE RECORD STRAIGHT.  I HAVE REPRESENTED A HUMAN BEING HERE THAT I HAVE NEVER HAD MORE RESPECT FOR, OF ANYONE I HAVE REPRESENTED.  AND NO DISRESPECT TO ANYONE ELSE.  HE TRULY IS A WONDERFUL HUMAN BEING.  AND I HAVE WATCHED THE FAMILY GO THROUGH THIS PROCESS FOR THREE AND A HALF YEARS.  AND IT'S BEEN UGLY.  AND IT JUST GOT UGLIER AND UGLIER UNTIL TODAY IN WHICH WE CAN ALL GO HOME AND CELEBRATE.

THANK YOU, YOUR HONOR.

**THE COURT:**  MR. ASPERGER?

**MR. SLOAN:**  THANK YOU, YOUR HONOR.

AS THE COURT KNOWS, MR. ARONSON AND I AND MR. DULL HAVE, IN MANY WAYS, BEEN BYSTANDERS TO THESE CRIMINAL PROCEEDINGS, BUT THIS HAS NONETHELESS BEEN EXTREMELY CHALLENGING AS I'M SURE THE COURT IS WELL AWARE, FOR MR. DULL AND HIS FAMILY.  AND WE APPLAUD THE COURT.  WE ECHO WHAT OUR COLLEAGUES HAVE SAID AND APPLAUD THE COURT FOR THE GREAT COURAGE THAT THE COURT HAS SHOWN IN ITS RULING

Page 5207

TODAY.

ONE OF THE THINGS THAT STRUCK ME IN THE LAST TWO WEEKS WAS WHEN THE COURT SAID THAT YOU'RE HERE TO DO JUSTICE, TO DO THE RIGHT THING, AND THAT'S WHY YOU TOOK THE BENCH.  THAT'S WHY I WAS A FEDERAL PROSECUTOR FOR 10 YEARS, YOUR HONOR, AND WAS PROUD TO BE ABLE TO SAY I REPRESENT THE UNITED STATES OF AMERICA.  IT'S WHY, IN REPRESENTING MR. DULL AND TRYING TO SUPPORT HIM AND HIS FAMILY, WE'RE VERY PROUD TO BE REPRESENTING A MAN OF SUCH INTEGRITY WHO WAS ALWAYS THERE TO DO THE RIGHT THING.

AND THIS WILL BE A GREAT RELIEF OF THE BURDENS AND TRYING CIRCUMSTANCES THAT HE HAS HAD TO GO THROUGH.

AND I WILL ECHO WHAT, AGAIN, MR. MARMARO AND MR. SULLIVAN AND MR. GREENBERG HAD SAID.  IT'S JUDGES LIKE YOU WHO HAVE SHOWN THE COURAGE TO MAKE THE RULING THAT YOU HAVE MADE; TO DO THE RIGHT THING; TO LOOK AT THE FACTS WITH AN OPEN MIND; AND TO BE OPEN TO CHANGING YOUR VIEW OF THE FACTS AND COMING UP WITH DOING THE RIGHT THING AND DOING FAIRNESS THAT RESTORES OUR FAITH IN THE SYSTEM OF JUSTICE.

AGAIN, IT STRUCK ME THAT THE BIGGEST DISAPPOINTMENT FOR MR. DULL, WHEN THE EVENTS THAT HAPPENED OCCURRED IN THIS CASE, WAS HIS PROFOUND DISAPPOINTMENT IN OUR JUSTICE SYSTEM.  I'M SURE I SPEAK FOR HIM AS FOR ALL OF US THAT YOUR RULING TODAY DOES RESTORE THAT FAITH, AND WE'RE VERY GRATEFUL FOR IT, YOUR HONOR.

AS THE COURT IS WELL AWARE, WE HAVE A PROPOSED ORDER THAT WHENEVER YOU FEEL IT APPROPRIATE TO TAKE UP, WE CAN, BUT I

Page 5208

REALIZE TODAY IS NOT THE TIME.

THANK YOU, YOUR HONOR.

THE COURT:  VERY WELL.

I SINCERELY APPRECIATE ALL THE COMPLIMENTS THAT COUNSEL HAVE GIVEN, ESPECIALLY THEY'RE FROM THE TITANS IN THE LEGAL PROFESSION.  SO THEY MEAN A LOT TO ME.  BUT IT'S REALLY IMPORTANT I THINK, TO ME, THAT YOU AND MR. RUEHLE, DR. NICHOLAS, MR. DULL, AND DR. SAMUELI REALIZE, I DON'T NEED TO BE COMPLIMENTED.  THE WISDOM, THE BRILLIANCE WAS IN THE FRAMERS OF OUR CONSTITUTION. I'M JUST DOING MY JOB.

MR. ADKINS, IS THERE ANYTHING THE GOVERNMENT WOULD LIKE TO SAY?  MR. CARDONA?

MR. CARDONA:  YOUR HONOR, VERY BRIEFLY.  FIRST, AS YOU KNOW, THIS IS THE FIRST TIME I HAVE BEEN DOWN HERE IN THIS CASE. I APOLOGIZE FOR NOT HAVING BEEN OVER HERE THE LAST TWO WEEKS WHEN THESE EVENTS WERE GOING DOWN.  I WOULD HAVE HOPED I COULD HAVE SAID SOMETHING THAT MIGHT HAVE CONVINCED THE COURT TO RULE DIFFERENTLY THAN IT DID TODAY.

I DON'T KNOW IF YOU WERE TOLD, BUT I WAS OUT OF, FIRST THE STATE AND OUT OF THE COUNTRY SO COULD NOT BE HERE.

THE COURT:  I WAS.

MR. ADKINS:  WITH THAT, YOUR HONOR, OBVIOUSLY WE HAVE HEARD YOUR DECISION.  RESPECTFULLY, WE DISAGREE WITH IT.  I DON'T THINK THAT WILL COME AS A SURPRISE TO YOU.  WE HAVE SUBMITTED OUR PAPERS.  WE BELIEVE WE HAVE SET FORTH OUR POSITION IN OUR PAPERS

Page 5209

AND THE OTHER PLEADINGS.  AND I DON'T BELIEVE THERE IS ANY POINT IN SAYING ANYTHING FURTHER HERE.  YOU UNDERSTAND OUR POSITIONS.  I UNDERSTAND YOU DISAGREE WITH THEM.  I HOPE YOU UNDERSTAND WE DISAGREE WITH YOUR RULING AND WE WILL NEED TO DECIDE WHAT WE DO NEXT.  THANK YOU.

**THE COURT:**  AND I APPRECIATE THAT, SIR.

ALL RIGHT.  I DON'T THINK ANYTHING NEEDS TO BE SAID FURTHER OTHER THAN, MR. RUEHLE, YOU ARE A FREE MAN.

**THE DEFENDANT:**  THANK YOU, YOUR HONOR.

(WHEREUPON THE PROCEEDINGS WERE ADJOURNED AT 9:33.)

Page 5210

-OOO-

CERTIFICATE

I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER.

DATE:  DECEMBER 15, 2009

MARIA DELLANEVE, U.S. COURT REPORTER
CSR NO. 9132

Electronically signed by Maria Beesley (501-187-561-9309)                                             b77c98fa-adc9-4fd7-81c3-4a4be6f7a375