# Exhibit A

**Thursday, April 30, 2026 at 5:30:06 PM Pacific Daylight Time**

**Subject:** RE: Team DOJ - two questions
**Date:** Thursday, April 30, 2026 at 5:47:47 AM Pacific Daylight Time
**From:** Reilly, Matthew (CRM)
**To:** Eric Rosen, Roach, Andrew (USACAC), adam.fee, akatz@aaronkatzlaw.com, Michael Homer, Yusef Al-Jarani, Emily Scarisbrick Weisberg, Nicholson, Ben
**CC:** Balding, Benedetto (USACAC), Kiernan, Ellen (CRM), Gothard, Mika (CRM), Kirby, Lanie (CRM)

Good morning,

We do not.  We would have produced them.

Thanks,

Matt

**From:** Eric Rosen <erosen@dynamisllp.com>
**Sent:** Thursday, April 30, 2026 8:02 AM
**To:** Roach, Andrew (USACAC) <Andrew.Roach@usdoj.gov>; adam.fee <adam.fee@weil.com>; Reilly, Matthew (CRM) <Matthew.Reilly2@usdoj.gov>; akatz@aaronkatzlaw.com; Michael Homer <mhomer@dynamisllp.com>; Yusef Al-Jarani <yaljarani@dynamisllp.com>; Emily Scarisbrick Weisberg <escarisbrick@dynamisllp.com>; Nicholson, Ben <ben.nicholson@weil.com>
**Cc:** Balding, Benedetto (USACAC) <Benedetto.Balding@usdoj.gov>; Kiernan, Ellen (CRM) <Ellen.Kiernan@usdoj.gov>; Gothard, Mika (CRM) <Mika.Gothard@usdoj.gov>; Kirby, Lanie (CRM) <Lanie.Kirby@usdoj.gov>
**Subject:** [EXTERNAL] Re: Team DOJ - two questions

Do you have the trading records of the three percipient witnesses? Thanks.

**From:** Roach, Andrew (USACAC) <Andrew.Roach@usdoj.gov>
**Date:** Thursday, April 30, 2026 at 3:04 AM
**To:** Eric Rosen <erosen@dynamisllp.com>; adam.fee <adam.fee@weil.com>; Reilly, Matthew (CRM) <Matthew.Reilly2@usdoj.gov>; akatz@aaronkatzlaw.com <akatz@aaronkatzlaw.com>; Michael Homer <mhomer@dynamisllp.com>; Yusef Al-Jarani <yaljarani@dynamisllp.com>; Emily Scarisbrick Weisberg <escarisbrick@dynamisllp.com>; Nicholson, Ben <ben.nicholson@weil.com>
**Cc:** Balding, Benedetto (USACAC) <Benedetto.Balding@usdoj.gov>; Kiernan, Ellen (CRM) <Ellen.Kiernan@usdoj.gov>; Gothard, Mika (CRM) <Mika.Gothard@usdoj.gov>; Kirby, Lanie (CRM) <Lanie.Kirby@usdoj.gov>
**Subject:** RE: Team DOJ - two questions

Adam/Eric:
The government is not required to identify lay opinions of its witnesses.  In any event, the lay opinions of our retail investor witnesses should be rather obvious by this point.  They will testify along those lines in

accordance with the law.  All these retail investors are percipient witnesses who followed the relevant securities at the relevant time and heard or saw defendant's statements.  Their positions in relevant securities were affected by defendant's statements.  All of this goes to the reasonable investor standard.  Differing perspectives of different investors all go to the issue of materiality for the reasonable investor standard.

**Andrew M. Roach | Assistant United States Attorney**
**U.S. Attorney's Office | Central District of California**
312 N. Spring Street, Suite 1100 | Los Angeles, California 90012
Direct: 213.894.0306 | andrew.roach@usdoj.gov

---

**From:** Eric Rosen <erosen@dynamisllp.com>
**Sent:** Wednesday, April 29, 2026 9:05 PM
**To:** adam.fee <adam.fee@weil.com>; Roach, Andrew (USACAC) <Andrew.Roach@usdoj.gov>; Reilly, Matthew (CRM) <Matthew.Reilly2@usdoj.gov>; akatz@aaronkatzlaw.com; Michael Homer <mhomer@dynamisllp.com>; Yusef Al-Jarani <yaljarani@dynamisllp.com>; Emily Scarisbrick Weisberg <escarisbrick@dynamisllp.com>; Nicholson, Ben <ben.nicholson@weil.com>
**Cc:** Balding, Benedetto (USACAC) <Benedetto.Balding@usdoj.gov>; Kiernan, Ellen (CRM) <Ellen.Kiernan@usdoj.gov>; Gothard, Mika (CRM) <Mika.Gothard@usdoj.gov>; Kirby, Lanie (CRM) <Lanie.Kirby@usdoj.gov>
**Subject:** [EXTERNAL] Re: Team DOJ - two questions

I understand the "guilt-assuming" hypotheticals generally. But the cases you cite below, they all involve people who somehow took action as a result of the defendant. But here:

1. Noonan didn't take any action at all - he seems to be some type of quasi-expert.
2. Banks didn't take any actions either.
3. Same with Gray.

They dont seem to have taken any action other than seeing Left on TV. They are not witnesses to anything. Hard to see any probative value to their speculation.

---

**From:** Fee, Adam <Adam.Fee@weil.com>
**Date:** Wednesday, April 29, 2026 at 11:01 PM
**To:** Roach, Andrew (USACAC) <Andrew.Roach@usdoj.gov>; Reilly, Matthew (CRM) <Matthew.Reilly2@usdoj.gov>; Eric Rosen <erosen@dynamisllp.com>; akatz@aaronkatzlaw.com <akatz@aaronkatzlaw.com>; Michael Homer <mhomer@dynamisllp.com>; Yusef Al-Jarani <yaljarani@dynamisllp.com>; Emily Scarisbrick Weisberg <escarisbrick@dynamisllp.com>; Nicholson, Ben <ben.nicholson@weil.com>
**Cc:** Balding, Benedetto (USACAC) <Benedetto.Balding@usdoj.gov>; Kiernan, Ellen (CRM) <Ellen.Kiernan@usdoj.gov>; Gothard, Mika (CRM) <Mika.Gothard@usdoj.gov>; Kirby, Lanie (CRM) <Lanie.Kirby@usdoj.gov>
**Subject:** Re: Team DOJ - two questions
What's the lay opinion you intend to elicit specifically? You'll need to be specific for each

witness to tee up the motion. And obviously there's lots of plainly inappropriate lay opinions in the memos.

---

**From:** Roach, Andrew (USACAC) <Andrew.Roach@usdoj.gov>
**Sent:** Wednesday, April 29, 2026 7:59 PM
**To:** Fee, Adam <Adam.Fee@weil.com>; Reilly, Matthew (CRM) <Matthew.Reilly2@usdoj.gov>; Eric Rosen <erosen@dynamisllp.com>; akatz@aaronkatzlaw.com <akatz@aaronkatzlaw.com>; Michael Homer <mhomer@dynamisllp.com>; Yusef Al-Jarani <yaljarani@dynamisllp.com>; Emily Scarisbrick Weisberg <escarisbrick@dynamisllp.com>; Nicholson, Ben <Ben.Nicholson@weil.com>
**Cc:** Balding, Benedetto (USACAC) <Benedetto.Balding@usdoj.gov>; Kiernan, Ellen (CRM) <Ellen.Kiernan@usdoj.gov>; Gothard, Mika (CRM) <Mika.Gothard@usdoj.gov>; Kirby, Lanie (CRM) <Lanie.Kirby@usdoj.gov>
**Subject:** RE: Team DOJ - two questions

Adam:
The Bachus interview will be produced with the next production.

As to the retail investors, they will provide admissible testimony.  Not everything that is captured in an interview memo will necessarily come in.  Their lay opinion, however, is admissible and relevant to materiality, among other things.  See, e.g., United States v. Laurienti, 611 F.3d 530, 549-50 (9th Cir. 2010) (affirming district court's permitting of guilty-assuming hypotheticals because, "[i]n order to establish materiality of Defendants' actions" the government is entitled to "ask questions such as, 'If you had known prior to purchasing [a house stock] that Hampton Porter prevented or discouraged their brokers from allowing their clients to sell their shares of [the house stock], would you have purchased the [shares of the house stock]?'"); see also United States v. Cuti, 720 F.3d 453, 458-59 (2d Cir. 2013) ("[A] witness may testify to the fact of what he did not know and how, if he had known that independently established fact, it would have affected his conduct or behavior."); United States v. Jennings, 487 F.3d 564, 581–82 (8th Cir. 2007) (holding that, unlike with respect to character witnesses, it is generally permissible to ask guilt-assuming hypotheticals of fact witnesses to prove materiality); United States v. Kellogg, 510 F.3d 188, 196 (3d Cir. 2007) (holding that "there is nothing inherent in guilt-assuming hypotheticals, in the abstract, that makes them unfairly prejudicial, let alone so prejudicial as to constitute a per se violation of due process").

**Andrew M. Roach | Assistant United States Attorney**
**U.S. Attorney's Office | Central District of California**
312 N. Spring Street, Suite 1100 | Los Angeles, California 90012
Direct: 213.894.0306 | andrew.roach@usdoj.gov

---

**From:** Fee, Adam <Adam.Fee@weil.com>
**Sent:** Tuesday, April 28, 2026 6:12 PM
**To:** Reilly, Matthew (CRM) <Matthew.Reilly2@usdoj.gov>; Eric Rosen <erosen@dynamisllp.com>; akatz@aaronkatzlaw.com; Michael Homer <mhomer@dynamisllp.com>; Yusef Al-Jarani <yaljarani@dynamisllp.com>; Emily Scarisbrick Weisberg <escarisbrick@dynamisllp.com>; Nicholson, Ben <Ben.Nicholson@weil.com>
**Cc:** Roach, Andrew (USACAC) <Andrew.Roach@usdoj.gov>; Balding, Benedetto (USACAC)

<Benedetto.Balding@usdoj.gov>; Kiernan, Ellen (CRM) <Ellen.Kiernan@usdoj.gov>; Gothard, Mika
(CRM) <Mika.Gothard@usdoj.gov>; Kirby, Lanie (CRM) <Lanie.Kirby@usdoj.gov>
**Subject**: [EXTERNAL] Team DOJ - two questions

First, the April 13, 2026 Bachus interview memo says there was a March 17, 2026 interview.
We don't seem to have the notes or memo from that meeting. Please send at your earliest
convenience.

Second, we see that you plan to call a few retail investors to testify. From the interview
memos, it looks like you've been soliciting inadmissible opinions from them. So that we
can raise the issue with the Court in a timely fashion if needed, please see the questions
below.

1. Do you intend to have Noonan testify:
    1. That Left could "move markets"?
    2. That Left deleting a Roku tweet was "inappropriate or deceptive"?
    3. That Left's Roku tweet "would have been deceptive if Left had a position in
       Roku in the morning and closed out the position in the morning"?


2. Do you intend to have Gray testify:
    1. That Left "was trying to move stock prices"?
    2. That Left "attempting to move investors to invest in Tilray"?
    3. About whether "Fox would host Left if Left was doing anything illegal"?
    4. That "Left may have been attempting to funnel investors to invest in stocks Left
       had long positions in"?
    5. That "[a] lot of investors relied on news stations and believed if someone was
       credible to be invited to a news segment they were credible enough for the
       viewers"?
    6. That "Left wanted the investors to see the lawsuit [against PTE] and panic"?
    7. That Citron reports "created an increase in the volume of trading which
       impacted stock prices"?
    8. About the "outcomes" of any of Left's lawsuits?
    9. That "[s]ome investors in the community started trading opposite of Left's
       reports and comments"?
    10. That "[d]ecisions of retail investors would be impacted if Left disclosed Left
        covered positions at a specific point"?
    11. That "it would be misleading for Left to publish a long position report but sell
        shares shortly after the report after publishing"?
    12. That "[p]ublishing a report which alleged a company was committing fraud and
        trading with or against it would be wrong"?

3. Do you intend to have Banks testify:
   1. About whether he "would have wanted to know if Left were working with a hedge fund to short stocks"?
   2. About whether he would have wanted to know Left's trading activity after tweeting?

Please let us know by tomorrow COB if you have any "yes" answers to above, or if you expect any testimony along the same lines.

Thanks.

Adam

---

**From:** Reilly, Matthew (CRM) <Matthew.Reilly2@usdoj.gov>
**Sent:** Friday, April 24, 2026 7:34 PM
**To:** Eric Rosen <erosen@dynamisllp.com>; akatz@aaronkatzlaw.com <akatz@aaronkatzlaw.com>; Michael Homer <mhomer@dynamisllp.com>; Yusef Al-Jarani <yaljarani@dynamisllp.com>; Emily Scarisbrick Weisberg <escarisbrick@dynamisllp.com>; Fee, Adam <Adam.Fee@weil.com>; Nicholson, Ben <Ben.Nicholson@weil.com>
**Cc:** Roach, Andrew (USACAC) <Andrew.Roach@usdoj.gov>; Balding, Benedetto (USACAC) <Benedetto.Balding@usdoj.gov>; Kiernan, Ellen (CRM) <Ellen.Kiernan@usdoj.gov>; Gothard, Mika (CRM) <Mika.Gothard@usdoj.gov>; Kirby, Lanie (CRM) <Lanie.Kirby@usdoj.gov>
**Subject:** RE: [EXTERNAL] Mika Gothard has invited you to work together in "U.S. v. Andrew Left - Government Production 33A (US Exhibits)" folder on Box

Counsel,

Please find attached a draft exhibit and witness list. Earlier tonight, the team uploaded copies of the exhibits. These are very much preliminary drafts and are subject to change prior to any during trial. There will be additions and removals to the exhibit list. The witness list may also be revised. We reserve the right to call additional witnesses in a rebuttal case. We will provide our anticipated witness order next week when we submit it to the Court. Please let us know if you have any questions.

Regards,

Matt

---

**From:** Mika Gothard <noreply@box.com>
**Sent:** Friday, April 24, 2026 6:33 PM
**To:** Reilly, Matthew (CRM) <Matthew.Reilly2@usdoj.gov>

**Subject:** [EXTERNAL] Mika Gothard has invited you to work together in "U.S. v. Andrew Left - Government Production 33A (US Exhibits)" folder on Box



# Mika Gothard ([mika.gothard@usdoj.gov](mailto:mika.gothard@usdoj.gov)) wants to work with you on U.S. v. Andrew Left... 33A (US Exhibits)

[?] **U.S. v. Andrew Left... 33A (US Exhibits)**

> "I'd like to share my files with you on Box."

**Go to Folder**

---

Get our app to view this on mobile

© 2026 • 900 Jefferson Avenue, Redwood City, CA 94063, USA
About Box • Edit Notification Settings • Privacy Policy

Justice Enterprise File Sharing (JEFS) email: DOJ.Service.Desk@usdoj.gov phone: 202-616-7100



The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

EXTERNAL MESSAGE: Please exercise caution with links and attachments.

This message (including attachments) is confidential and may be attorney-client privileged. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

EXTERNAL MESSAGE: Please exercise caution with links and attachments.

This message (including attachments) is confidential and may be attorney-client privileged. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

EXTERNAL MESSAGE: Please exercise caution with links and attachments.