TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division
BENEDETTO L. BALDING (Cal. Bar No. 244508)
ANDREW M. ROACH (Cal. Bar No. 293375)
Assistant United States Attorneys
LORINDA I. LARYEA
Chief, Fraud Section
MATTHEW REILLY
Acting Assistant Chief
Criminal Division, Fraud Section
    1200/1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-1259/2274
    E-mail:   benedetto.balding@usdoj.gov
            andrew.roach@usdoj.gov
            matthew.reilly2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 24-cr-456-VAP |
|---|---|
| Plaintiff, | GOVERNMENT'S OBJECTIONS TO PRELIMINARY JURY INSTRUCTIONS |
| v. | |
| ANDREW LEFT, | Trial date: May 11, 2026 |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Benedetto L. Balding, Andrew M. Roach, and Acting Assistant Chief Matthew Reilly, hereby files its objections to the Preliminary Jury Instructions and attaches its proposed revised Instructions No. 8 and 13.

Dated: May 7, 2026                    Respectfully submitted,

                                      TODD BLANCHE
                                      Acting Attorney General

                                      BILAL A. ESSAYLI
                                      First Assistant
                                      United States Attorney

                                      JENNIFER L. WAIER
                                      Chief Assistant United States
                                      Attorney
                                      Chief, Criminal Division

                                      LORINDA I. LARYEA
                                      Chief, Fraud Section
                                      Criminal Division

                                      /s
                                      _____
                                      BENEDETTO L. BALDING
                                      ANDREW M. ROACH
                                      MATTHEW REILLY

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

**<u>Government's Objections to Court's Instruction No. 8</u>**

*Objection 1 (Element 2)*

The government objects to the second element of the Court's Instruction No. 8 in the Preliminary Jury Instructions requiring that "the statements made or facts omitted" are required. The Ninth Circuit has found that a false or misleading statement is not an element of a scheme under 18 U.S.C. § 1348(1). <u>SEC v. Stein</u>, 906 F.3d 823, 830 (9th Cir. 2018) (stating the elements of § 1348(1) as "(1) a scheme or artifice to defraud, (2) with fraudulent intent, (3) in connection with any security."). Moreover, it has been explicitly held by the Second Circuit that "false representations or material omissions are not required" to establish a violation of § 1348. <u>United States v. Mahaffy</u>, 693 F.3d 113, 125 (2d Cir. 2012) (citing <u>United States v. Motz</u>, 652 F. Supp. 2d 284, 294 (E.D.N.Y. 2009)). The Seventh Circuit has also expressly found that "[f]alse representations or material omissions are not required for conviction under" § 1348(1) and listed the elements consistently with the Ninth and Second Circuits not including a false statement requirement. <u>See United States v. Coscia</u>, 866 F.3d 782, 796 (7th Cir. 2017) (the elements of § 1348(1) are "(1) fraudulent intent, (2) a scheme or artifice to defraud, and (3) a nexus with a security[.]") (internal quotations and citations omitted).

While defendant continues to argue that the requirements are different because <u>Mahaffy</u> involved a fiduciary relationship while this case does not, that is not correct. Nothing about either the Ninth Circuit's or Seventh Circuit's recitation of the elements – nor <u>Mahaffy</u>'s holding that false statement is not required to establish a

1

scheme violation under § 1348 – hinges on the nature of the duty in question.  The Courts of Appeals are simply discussing the statutory elements for this relatively underdeveloped statute.  This reading is also consistent with foundational principles of statutory interpretation.  A comparison of § 1348(1) – charged here – and § 1348(2) – the other part of the statute and not charged in this case – proves that a false and misleading statement is not required for a conviction under § 1348(1).  <u>Compare</u> § 1348(1)("Whoever knowingly executes, or attempts to execute, a scheme or artifice to defraud any person in connection with . . .  any [covered] security") <u>with</u> § 1348(2) ("Whoever knowingly executes, or attempts to execute, a scheme or artifice to obtain, **by means of false or fraudulent pretenses, representations, or promises**, any money or property in connection with the purchase or sale of . . .  any [covered] security[.]") (emphasis added).

Accordingly, the government proposes revising element two consistent with these cases to read:

Second, **the scheme or artifice to defraud** was material, that is, it had a natural tendency to influence, or was capable of influencing, a person to part with money or property;

2

***Objection 2 (Element 3)***

The government objects to the third element of the Court's Instruction No. 8 in the Preliminary Jury Instructions requiring that intent to defraud can be proven by the intent to "deceive **or** cheat." (emphasis added).  Consistent with the Ninth Circuit Model Criminal Jury Instruction 15.35 (Wire Fraud) and <u>United States v. Miller</u>, 953 F.3d 1095, 1103 (9th Cir. 2020)(holding "that wire fraud requires the intent to deceive and cheat"), the government submits that the intent standard should be modified to require "the intent to deceive **and** cheat."

Accordingly, the government proposes revising element three to read:

Third, the defendant did so knowingly and with intent to defraud, that is, the intent to deceive **and** cheat; and

**<u>Government's Objections to Court's Instruction No. 13</u>**

***Objection 1 (Element 3 and National Security Exchange)***

The government objects to the third element of the Court's Instruction No. 13 in the Preliminary Jury Instructions indicating that the only way to satisfy this element is through use of a national securities exchange.  Both Rule 10b-5 and Ninth Circuit Model Criminal Jury Instruction 15.47 (Securities Fraud) allow this element to be proven either by (1) the use of a national securities exchange or (2) any means or instrumentality of interstate commerce. See 17 C.F.R. §240.10b-5 (it "shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, **or** of the mails or of any facility of any national securities exchange") (emphasis added); Ninth Circuit Model Criminal Jury Instructions  15.47 (Securities Fraud) ("specify instrument **or** facility") (emphasis added).  As Namaste (NXTTF), the security charged in Count 3, did not trade on either the New York Stock Exchange ("NYSE") or NASDAQ, the government will need to rely on the alternative jurisdictional theory (means and instrumentalities of interstate commerce) to prove that count.  As it is expressly permitted by the rule and the model instruction, the government asks that the instruction be amended as indicated below.  Additionally, the reference to the NYSE and NASDAQ should be stated in the disjunctive as the securities are not required to trade on both exchanges (and most, including those in this case, do not).

The government proposes the following changes to Element 3 of Proposed Jury Instruction No. 13:

Third, the defendant directly or indirectly used a

4

national securities exchange (i.e., New York Stock Exchange ("NYSE") **or** National Association of Securities Dealers Automated Quotations Stock Market ("NASDAQ")) **or used a means or instrumentality of interstate commerce** in connection with these acts (i.e., the purchase of the security charged in the specific count);

Additionally, consistent with the above, the instruction regarding "an untrue statement passed through or over a national securities exchange" instruction should be modified to include the government's theory on Count 3, which utilizes the instrumentalities of interstate commerce component permitted by the rule.  Accordingly, the government asks that this instruction be modified – consistent with the language from the Ninth Circuit Model Criminal Jury Instruction 15.47 (Securities Fraud) ("specify instrument **or** facility")(emphasis added) – as follows:

It is not necessary that an untrue statement passed through or over a national securities exchange (i.e., NYSE or NASDAQ) **or an instrumentality of interstate commerce** so long as the national security exchange **or instrumentality of interstate commerce** was used as a part of the purchase or sale transaction.

5

*Objection 2 (Knowingly)*

Next, to track the Ninth Circuit Model Criminal Jury Instruction 15.47 (Securities Fraud) and the Court's recitation of element 1 under Instruction No. 13 (which includes "failed to disclose a material fact that resulted in making the defendant's statements misleading"), the Court should also add this theory in its recitation of the knowingly standard.  The government proposes nothing more than the exact language from the model instruction on this front that directly addresses a misleading statement and half-truth theory of fraud.  See Ninth Circuit Model Criminal Jury Instruction  15.47 (Securities Fraud) ("Knowingly means" "to fail to state something that the defendant knows is necessary to make other statements true").

Accordingly, the government asks for the following instruction on "knowingly" in Preliminary Jury Instruction No. 13:

> For the purposes of this count, "knowingly" means to make a statement or representation in respect to a material fact that is untrue and known to the defendant to be untrue, **to fail to state something that the defendant knows is necessary to make other statements true**, or intentional conduct that is undertaken to control or affect the price of securities.  An act is done, a statement is made, **or a failure to disclose is done** knowingly if the defendant is aware of the act, the statement, or **the failure to disclose** and did not act, make the statement, **or fail to disclose** through ignorance, mistake or accident. The government is not required to prove that the defendant knew that his acts

6

were unlawful, it was unlawful to make the statement, **or his failure to disclose was unlawful.** You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.