UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CRIMINAL MINUTES – GENERAL

| Case No. | 2:24-cr-00456-VAP-1 | | | | | Date | 5/8/2026 | | |
|---|---|---|---|---|---|---|---|---|---|
| Present: The Honorable | VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT JUDGE | | | | | | | | |
| Interpreter | N/A | | | | | | | | |
| V.R. Vallery | | | N/A | | | Matthew Reilly; Benedetto Balding; Andrew Roach Not Present | | | |
| *Deputy Clerk* | | | *Court Reporter* | | | *Assistant U.S. Attorney* | | | |
| **U.S.A. v. Defendant(s)** | **Present** | **Custody** | **Bond** | **Attorneys for Defendant(s)** | | **Present** | **App.** | **Ret.** | |
| Andrew Left | Not | | X | Eric Rosen; Yusef Al-Jarani; Michael Homer; Adam Fee; Benjamin Nicholson | | Not | | X | |
| **Proceedings:** | (IN CHAMBERS) MINUTE ORDER RE: DEFENDANT'S MOTION IN LIMINE TO EXCLUDE INADMISSIBLE TESTIMONY AND ARGUMENT (DKT. NO. 339) | | | | | | | | |

Before the Court is Defendant's Motion *in Limine* to Exclude Inadmissible Testimony and Argument. (Dkt. No. 339). After considering the briefing submitted in support of and in opposition to the motions, as well as the arguments advanced at the hearing conducted on May 7, 2026, the Court rules as follows:

## I.    Background

On May 1, 2026. Defendant filed an *Ex Parte* Application for Leave to File Motion *in Limine* To Exclude Inadmissible Testimony and Argument and for Expedited Briefing. (Dkt. No. 335). On May 4, 2026, the Court granted the Application. (Dkt. No. 338).

On May 4, 2026, Defendant filed the Motion *in Limine* To Exclude Inadmissible Testimony and Argument ("Motion"). (Dkt. No. 339). On May 5, 2026, the Government filed its Opposition. (Dkt. No. 341). On May 6, 2026, Defendant filed his Reply. (Dkt. No. 342).

## II.    Discussion

**A.    Defendant's Motion *in Limine* To Exclude Inadmissible Testimony and Argument (Dkt. No. 339) is GRANTED IN PART AND DENIED IN PART.**

Defendant moves to preclude the Government from eliciting "guilt-assuming" hypotheticals and testimony from Government witnesses John Noonan, Adam Gray, Billy Banks Doug Anmuth and Dan Bachus. (Dkt. No. 339 at 2–10). Defendant also moves to preclude the

Government from introducing evidence or argument that Defendant knowingly made false statements about the companies themselves, including Cronos, Twitter, and Grand Canyon Education. (*See id.* at 10–16). Defendant makes this Motion pursuant to Federal Rules of Evidence 403, 602, 701, 702, and 704 and Federal Rules of Criminal Procedure 7, 16(a)(1)(G), and 29. (*See generally id.*).

*i.     Retail Investor and Non-Retail Investor Lay Witness Testimony*

Defendant first argues that the Government's interview memoranda suggests that it will elicit improper lay witness opinion testimony from several retail and non-retail investors. *See* Dkt No. 339 at 2–10). In opposition, the Government represents that it does not intend to ask its witnesses to speculate on Defendant's mental state, whether Defendant had a duty to disclose, or to opine on Defendant's character. (*See* Dkt. No. 341 at 2). Moreover, the Government affirms that it will not: (1) elicit Noonan's statements about fiduciary duty or other opinions that he may have regarding Defendant's duties; (2) elicit testimony about Gray's opinion of what other retail investors were thinking, Defendant's intent, or the legality of defendant's actions; (3) seek to elicit other portions of Banks' statements, including his statements speculating on Defendant's intent or other goals relating to Defendant's activity; and (4) elicit testimony concerning Bachus's opinion on Defendant's intent. (*See id.* at 2–7). The Government further clarifies that it will only ask its witnesses questions with guilt-assuming premises that include uncontested factual premises, including Defendant's uncontested trading activity before and after his tweets. (*See id.* at 11). The Government explains that all of the witnesses at issue are percipient fact witnesses to Defendant's alleged conduct, who will lay foundation as to their personal observations of Defendant's public statements and the ensuing price movement in particular securities. (*See* Dkt. Nos. 341-1 Exhibit 1, 341-2 Exhibit 2, 341-3 Exhibit 3, 341-4 Exhibit 4, 341-5 Exhibit 5). To that end, each witness has personal knowledge about the securities that their testimony will encompass. (*See* Dkt. Nos. 341-1 Exhibit 1, 341-2 Exhibit 2, 341-3 Exhibit 3, 341-4 Exhibit 4, 341-5 Exhibit 5).

As set forth during the May 7, 2026 hearing, the retail investor and non-retail investor witnesses may opine on matters for which they have personal knowledge (e.g., what each witness read or observed, the actions each witness took in response to Defendant's alleged conduct, what information each witness would have found material and important to their trading decisions, and how each witness would have acted had they been informed of the material information). Furthermore, Anmuth, a JP Morgan Stock Analyst who has covered internet and social medial companies, including Twitter, since at least 2018, (*see* Dkt. No. 341-4 Exhibit 4), may provide lay opinion testimony regarding the accuracy of Citron Research's December 20, 2018 Twitter Report and how the disclosure of Defendant's position and trading activity in Twitter's stock would have affected his own reporting and recommendations as to Twitter's stock during the relevant time frame. *See, e.g.*, *SEC v. Davis*, No. 2:20-CV-03271-SB-KS, 2022 WL 3575769, at *3–4 (C.D. Cal. June 23, 2022) (holding financial analysts' lay opinion testimony on how nonpublic information "would have changed their reporting" on the company at issue during the relevant time period is "proper lay opinion testimony and probative of materiality"). The witnesses, however, may not testify to the general effect of Defendant's alleged conduct on the market or opine on the causal impact that the alleged conduct had on the rise or fall of a stock

---

**CRIMINAL MINUTES – GENERAL**           ____ : __

price.  Nor can the witnesses testify to the impact of Defendant's alleged conduct on general investor behavior.

The Government suggests that it will elicit Noonan's testimony regarding his belief that "it would have been deceptive for defendant to trade within hours of" his alleged tweets.  (*See id.* at 3).  Such opinion testimony goes to an ultimate conclusion that invades the jury's fact-finding function.  Accordingly, the Motion is GRANTED insofar as it seeks to exclude any retail investor witness's or non-retail investor witness's testimony that Defendant's alleged conduct was "deceptive" or "misleading."

### ii.    *Testimony Regarding Cronos, Twitter, and Grand Canyon Education*

Defendant next contends that the Government's proposed Preliminary Statement of the Case and witness list reveal that it intends to prove that Defendant made false statements about the companies themselves.  (*See* Dkt. No. 339 at 10–17).  Defendant asserts that this theory impermissibly exceeds the allegations set forth in the First Superseding Indictment ("FSI") for three companies in particular—Cronos, Twitter, and Grand Canyon Education.  (*Id.*).  Such testimony, Defendant argues, gives rise to a prejudicial variance or constructive amendment of the FSI.  (*Id.*).  As the Government describes, however, the FSI alleges that Defendant used "deceptive reports" as part of the market manipulation scheme alleged in Count One, including reports about Cronos and Twitter.  (*See* Dkt. No. 176 ¶¶ 21–55).  The FSI also alleges that Defendant posted false and misleading statements about Grand Canyon Education on the Citron Twitter Account and website, among other companies.  (*See id.* ¶¶ 89–90).  These allegations are part of a broader scheme to defraud alleged in Count One, in which Defendant used false and misleading statements and conduct in connection with the sale of securities, including the securities for Twitter, Cronos, and Grand Canyon Education.  Accordingly, the Government's reliance on evidence that suggests Defendant made false statements about Cronos, Twitter, and Grand Canyon Education does not constitute a material variance from or constructive amendment to the FSI.  The Motion is therefore DENIED insofar as it seeks to exclude evidence or argument regarding Defendant's statements about Cronos, Twitter, and Grand Canyon Education.

### III.    Conclusion

For the foregoing reasons, Defendant's Motion *in Limine* To Exclude Inadmissible Testimony and Argument, Dkt. No. 339 is GRANTED in part and DENIED in part.

**IT IS SO ORDERED.**