TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division
BENEDETTO L. BALDING (Cal. Bar No. 244508)
ANDREW M. ROACH (Cal. Bar No. 293375)
Assistant United States Attorneys
LORINDA I. LARYEA
Chief, Fraud Section
MATTHEW REILLY
Acting Assistant Chief
Criminal Division, Fraud Section
        1200/1100 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-1259/2274
        E-mail:alexander.schwab@usdoj.gov
                benedetto.balding@usdoj.gov
                andrew.roach@usdoj.gov


Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 24-cr-456-VAP |
|---|---|
| Plaintiff, | STIPULATIONS BY THE PARTIES |
| v. | |
| ANDREW LEFT, | |
| Defendant. | |

In order to expedite the presentation of evidence at trial, and both parties being satisfied that there is a good faith factual basis for this stipulation, the United States of America, by and through its attorneys, undersigned counsel, and defendant Andrew Left, through his counsel, Eric Rosen, hereby agree and stipulate to the following:

1. At all times relevant to the charges in the First Superseding Indictment, the common stock and options to trade the common stock of American Airlines Group Inc. ("AAL"); Beyond Meat Inc. ("BYND"); Chegg, Inc ("CHGG"); Cronos Group Inc. ("CRON"); Facebook Inc. ("FB"); Fleetcor Technologies, Inc. ("FLT") n/k/a Corpay;  General Electric Company ("GE"); Grand Canyon Education, Inc. ("LOPE"); Luckin Coffee Inc. ("LK"); McKesson Corporation ("MCK"); Namaste Technologies Inc. ("NXTTF"); Novavax Inc. ("NVAX"); Nvidia Corp. ("NVDA"); India Globalization Capital Inc. ("IGC"); Invitae Corp. ("NVTA"); Palantir Technologies Inc. ("PLTR"); PolarityTE Inc. ("PTE"); Roku Inc. ("ROKU"); Tesla Inc. ("TSLA"); Twitter Inc. ("TWTR"); and XL Fleet Corp. ("XL") were securities.

2. At all times relevant to the charges in the First Superseding Indictment, the common stock and options to trade the common stock of American Airlines Group Inc. ("AAL"); Beyond Meat Inc. ("BYND"); Chegg, Inc ("CHGG"); Cronos Group Inc. ("CRON"); Facebook Inc. ("FB"); Fleetcor Technologies, Inc. ("FLT") n/k/a Corpay;  General Electric Company ("GE"); Grand Canyon Education, Inc. ("LOPE"); Luckin Coffee Inc. ("LK");

McKesson Corporation ("MCK"); Novavax Inc. ("NVAX"); Nvidia Corp. ("NVDA"); India Globalization Capital Inc. ("IGC"); Invitae Corp. ("NVTA"); Palantir Technologies Inc. ("PLTR"); PolarityTE Inc. ("PTE"); Roku Inc. ("ROKU"); Tesla Inc. ("TSLA"); Twitter Inc. ("TWTR"); and XL Fleet Corp. ("XL") were securities of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act or that was required to file reports under Section 15(d) of the Securities Exchange Act.

3. For Counts Two and Four through Seventeen, on or about the dates charged in the First Superseding Indictment, defendant directly or indirectly used a national securities exchange in connection with his purchase and sale of American Airlines Group Inc. ("AAL"); Beyond Meat Inc. ("BYND"); Cronos Group Inc. ("CRON"); Facebook Inc. ("FB"); General Electric Company ("GE"); Luckin Coffee Inc. ("LK"); Novavax Inc. ("NVAX"); Nvidia Corp. ("NVDA"); Invitae Corp. ("NVTA"); Palantir Technologies Inc. ("PLTR"); PolarityTE Inc. ("PTE"); Roku Inc. ("ROKU"); Tesla Inc. ("TSLA"); Twitter Inc. ("TWTR"); and XL Fleet Corp. ("XL").

4. The tweets and statements in exhibit 1 were all issued at or near the times listed therein.

5. All documents produced to the government, and subsequently produced to defendant in this action, by Apple, Twitter, Interactive Brokers, E*Trade, Google, First Republic Bank, and

Atom are authentic. The parties reserve all rights to make other objections as to the admissibility of these records.

6. All documents produced by defendant, Citron Capital, or Citron Research to the government or the SEC are authentic.  The parties reserve all rights to make other objections as to the admissibility of these records.

7. The Cybercrime Lab Report containing the returns from the search warrant of defendant's Twitter, GX 145 (USAO_03776036), is a true, accurate, and authentic version of the contents of defendant's Twitter account at the time of the seizure.  The parties reserve all rights to make other objections as to the admissibility of these records.

8. The video of defendant's testimony before the U.S. Securities & Exchange Commission, USAO_02038889, USAO_02038890, USAO_02039232, USAO_02039233, and DOJ-SPROD-0000041572, and the accompanying official transcripts are true and accurate versions of defendant's SEC testimony. The parties reserve all rights to make other objections as to the admissibility of these records.

9. The market price and volume data procured and exchanged by the parties from Tick Data, TAQ data, iVolatility.com, Bloomberg LLP, Massive/Polygon.io, and S3 Lending Rate Data, is admissible under Fed. R. Evid. 803(17) subject to relevancy and other objections.

10.     Exhibits 7A, 308, 310, 333, 353, 354, 355, 356, 357, 358, 360, 361, 362, 363, 364, 365, 366, and 368 are authentic copies of records obtained from defendant's laptop computer.

11.     Exhibits 114A, 116A, 125A, 127A, 130A, 132A, 133A, 134A, 135A, 136A, 137A, 138A, 139A, 140A, 141A, 142A, 143A, and 144A are true and accurate summaries and authentic representations of the iMessage communications obtained from defendant's iCloud account.

12.     The parties stipulate and agree that ATOM's trading records refer to sub-accounts managed by Mr. Left as either being managed by "CTN" or "LAX," and therefore, trades ascribed to those sub-accounts can be attributed to defendant or Citron.

13.     Summary Exhibits. The following exhibits: 1-17, 20-24, 1002-1028, 1037-1057, and 2553-56, 2558, 2559, 2560, 2584-2590, 2595-2604, 2606-2608, 2611-2616, are admissible as substantive evidence under Federal Rule of Evidence 1006 and shall accompany the jury during deliberations on the same terms as any other admitted exhibit. Nothing in this stipulation constitutes a concession that any exhibit is accurate, complete, or representative, that any methodology is appropriate, or that any term used therein has been mutually defined; and each party expressly reserves the right (i) to cross-examine any sponsor of any such exhibit, (ii) to introduce competing summaries and expert testimony challenging the methodology, definitions, completeness, or inferences of

any such exhibit, (iii) to argue at any stage that any such exhibit is inaccurate, misleading, or unworthy of weight, and (iv) to request a limiting instruction.

14.     The brokerage account statements, order tickets, blotters, and trade-execution records produced as Exhibits 621 through 661 and 681 (and the corresponding native files) are true and accurate business records of the issuing brokerage and clearing firms (including Interactive Brokers LLC, Cobra Trading, E*Trade Securities LLC, and others) for the accounts and time periods indicated thereon. The exhibits are admissible without further foundation under Federal Rule of Evidence 803(6).

15.     The U.S. Securities and Exchange Commission filings produced as Exhibits 701 through 723 and 1760, 1762, 1763, 1766, 1770, 1771, 1773, 1774, 1775, 1800, 1817, 1819, 1823-28, 1830, 1832-34, 1838, 1885, 1898, 1904, 1907, 1909, 1920, are true and accurate copies of the filings made on the dates indicated thereon, and are self-authenticating under Federal Rules of Evidence 902(4) and 902(5).  The parties reserve all other objections including relevancy and hearsay.

16.     The press articles, newswire stories, and electronic news compilations produced as Exhibits 501 through 570 and Exhibits 1500 through 1520 and 2562 through 2567 are true and accurate copies of the publications they purport to be from the publishers and on the dates indicated thereon.

17.    Exhibits 501-570, 1500-1520, and 2562-2567 are admissible for nonhearsay purposes (not for the truth of the information in them) and subject to the Court's limiting instruction. These documents are solely probative of information that was in the marketplace at the corresponding time. The admission of any exhibit pursuant to this stipulation shall not authenticate, render admissible, or constitute a stipulation to the truth of any document, headline, statement, or opinion that is cited, footnoted, or referenced on the face of, or in any backing materials for, the exhibit but is not itself separately offered into evidence.

DATED: May 8, 2026          Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division


/s _____
BENEDETTO L. BALDING
ANDREW M. ROACH
MATTHEW S. REILLY

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED:  May 8, 2026        */s/ Andrew Left*

_____
DEFENDANT ANDREW LEFT


DATED:  May 8, 2026

*/s/ Eric S. Rosen*

_____
ERIC ROSEN

Attorney for Defendant
ANDREW LEFT