TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division
BENEDETTO L. BALDING (Cal. Bar No. 244508)
ANDREW M. ROACH (Cal. Bar No. 293375)
Assistant United States Attorneys
LORINDA I. LARYEA
Chief, Fraud Section
MATTHEW REILLY
Acting Assistant Chief
Criminal Division, Fraud Section
        1200/1100 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-1259/2274
        E-mail:  benedetto.balding@usdoj.gov
                 andrew.roach@usdoj.gov
                 matthew.reilly2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:24-cr-00456-VAP |
|---|---|
| Plaintiff, | GOVERNMENT'S MEMORANDUM OF LAW CONCERNING ADVICE-OF-COUNSEL INSTRUCTION AND THE VERDICT FORM |
| v. | |
| ANDREW LEFT, | Hearing Date: May 26, 2026 |
| Defendant. | |

The United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California, the Chief of the Fraud Section of the Criminal Division of the U.S. Department of Justice, Assistant United States Attorneys Benedetto L. Balding and Andrew M. Roach and Acting Assistant Chief Matthew Reilly, hereby files a memorandum of law concerning the advice-of-counsel instruction and the verdict form.

This proposed instruction is based upon the attached authorities, the files and records in this case, and as the Court may permit.

Dated: May 24, 2026    Respectfully submitted,

           TODD BLANCHE
           Acting Attorney General

           BILAL A. ESSAYLI
           First Assistant
           United States Attorney

           LORINDA I. LARYEA
           Chief, Fraud Section
           Criminal Division

           ___/s/_____
           BENEDETTO L. BALDING
           ANDREW M. ROACH
           MATTHEW REILLY

           Attorneys for Plaintiff
           UNITED STATES OF AMERICA

In response to the Court's comments on May 21, 2026 regarding defendant's advice-of-counsel defense and the verdict form and defendant's Response to the Court's Inquiry Regarding Advice-of-Counsel Interrogatory (ECF No. 380), the United States responds as follows:

**A.    The Court Should Give the Model Advice-of-Counsel Instruction if Defendant's Testimony Lays Foundation For It**

Assuming defendant's further testimony lays the foundation that defendant (1) made full disclosure of all material facts to an attorney, (2) received the attorney's advice as to the specific course of conduct that was followed, and (3) reasonably followed the attorney's recommended course of conduct or advice in good faith, an advice of counsel instruction would be appropriate. Ninth Circuit Model Criminal Jury Instruction 4.11 Advice of Counsel; see also United States v. Munoz, 233 F.3d 1117, 1132 (9th Cir. 2000) ("To qualify for an advice of counsel instruction, a defendant must demonstrate that he fully disclosed to his attorney all material facts and relied in good faith on the attorney's recommended course of conduct").  The defendant "need[s] to present evidence that he fully advised his attorney of his plan, received advice regarding that plan from the attorney, and followed that exact advice in good faith."  United States v. Bush, 626 F.3d 527, 539 (9th Cir. 2010) (emphasis added).

Should the Court find defendant has properly demonstrated that he fully disclosed all material facts, relied in good faith on his attorney's advice, and followed the exact advice, the government

1

recommends the Court give precisely the language in Ninth Circuit Model Instruction 4.11 (Advice of Counsel).[1]

### B.   A Special Verdict Question on Advice of Counsel Is Inappropriate

Even if the Court gives an advice-of-counsel instruction, the Court should nonetheless not provide a special verdict form on this question.  Doing so is inconsistent with the law and will merely create confusion and later claims of burden shifting.

Advice of counsel is not an "affirmative defense" in a criminal fraud case.  United States v. Scully, 877 F.3d 464, 476 (2d Cir. 2017) ("In a fraud case, however, the advice-of-counsel defense is not an affirmative defense that defeats liability even if the jury accepts the government's allegations as true.")  Rather, the defense, "if believed, can raise a reasonable doubt in the minds of the jurors about whether the government has proved the required element of the offense that the defendant had an 'unlawful intent.'"  Id.  This is because an affirmative defense is one in which the "defendant has the burden to prove," and it "does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven."  Smith v. Cobb, No. 15-CV-00176-GPC, 2017 WL 3887420, at *2 (S.D. Cal. Sept. 5, 2017).

---

[1] "One element that the government must prove beyond a reasonable doubt is that the defendant had the unlawful intent to commit securities fraud.  Evidence that the defendant in good faith followed the advice of counsel would be inconsistent with such an unlawful intent.  Unlawful intent has not been proved if the defendant, before acting, made full disclosure of all material facts to an attorney, received the attorney's advice as to the specific course of conduct that was followed, and reasonably followed the attorney's recommended course of conduct or advice in good faith."

Defendant has no such burden here because this is a criminal case.  The Second Circuit considered a similar question in Scully, 877 F.3d 464, 478 n.6.  Specifically, the Court "disapprove[d]" of a verdict sheet that asked the jury whether "the defense of 'advice of counsel' had been established."  Id.  The Second Circuit explained that "where the government must establish a defendant's fraudulent intent, the jury should not be instructed to first decide whether a defendant is 'guilty' and then determine separately if the defense of 'advice of counsel' has been established."  Id.  (internal quotation marks omitted).  That is because "[r]eliance on the advice of counsel, in cases where fraudulent intent is a required element for guilt, is a defense that tends to refute the government's proof of such intent.  If the defendant lacks such intent, he is not guilty of the offense."  Id.

Put another way, because "advice of counsel" is not an "affirmative defense," id. at 476, if the government cannot establish intent—-as a result of advice of counsel or otherwise--it cannot prove defendant's guilt.  Thus, the question is inherent in the substantive elements of the offense and the jury's verdict on the offense will answer whether the government has proved its burden.  Accordingly, the government's proposed verdict form is appropriate and no specialized question on advice of counsel should be included on the verdict sheet.

Giving a special verdict question on the issue will only create confusion.  If the jury is asked whether an advice-of-counsel defense has been established on a verdict form, that could give fodder for an argument of improper burden-shifting.  Indeed, on appeal, the

3

defendant in <u>Scully</u> suggested as much.  <u>Id.</u> at 476 (Defendant "also argues that the district court's jury charge on the advice-of-counsel defense improperly placed the burden on [defendant] to establish the defense, rather than on the government to demonstrate that [defendant] had the requisite intent.")  The burden rests with the government the entire time and a special verdict form on this issue will only confuse this.  <u>Cf.</u> <u>id.</u> ("The government must carry its burden to prove [defendant]'s intent to defraud, and that burden does not diminish because [defendant] raised an advice-of-counsel defense.  Accordingly, the district court must advise the jury in unambiguous terms that the government at all times bears the burden of proving beyond a reasonable doubt that the defendant had the state of mind required for conviction on a given charge.").  The Court should avoid that issue here and not give a special verdict form on this issue.[2]

Against this backdrop, and the general presumption that "[s]pecial verdict forms are generally disfavored in criminal cases," <u>United States v. El Beialy</u>, 539 F. App'x 791, 795 (9th Cir. 2013), as amended (Nov. 27, 2013) (citing <u>United States v. Reed</u>, 147 F.3d 1178, 1180 (9th Cir. 1998)), it is unsurprising that in numerous cases where a jury has been instructed on advice of counsel issues, the verdict form nevertheless does not include a reference to advice of counsel.  <u>See, e.g.,</u> Ex. A (<u>Zaglin</u> Instructions); Ex. B (<u>Zaglin</u> Verdict Form); Ex. C (<u>Novis</u> and <u>Denkin</u> Instructions); Ex. D (<u>Novis</u>

---

[2] The placement of the statute of limitations affirmative defense on the verdict form in <u>Elon Musk, et al. v. Samuel Altman, et al.</u>, Case No. 4:24-CV-04722-YGR at Dkt. 434 (N.D. Cal., filed 2/26/26), as referenced during the May 21, 2026 colloquy on the verdict form, is inapplicable here for this reason.  The statute of limitations defense in that civil suit was an affirmative defense, where defendant had the burden of proof.  No such burden exists here.

and Denkin Verdict Form).  Notably, defendant did not provide a single instance where a specific advice of counsel question was included on a verdict sheet in a criminal case.

Defendant offers nothing to change this presumption or deviate from these cases.  Defendant's reliance on Rodriguez-Marin v. Rivera-Gonzalez is misplaced.  438 F.3d 72, 83 (1st Cir. 2006).  Rodriguez-Marin was a civil case involving the Mt. Healthy defense, an affirmative defense which would have negated liability.  The logic of Rodriguez-Marin does not apply to a criminal case, like this one, where intent is an element of the offense.  Nor is it clear that the present case is a situation where a special verdict firm is helpful to the defendant, as the defense suggests.  On the contrary, another question only invites jury confusion and later claims of burden shifting.

In short, there is no reason in this case to depart from the general rule against special verdicts, see United States v. O'Looney, 544 F.2d 385, 392 (9th Cir. 1976) ("[a]s a rule, special verdicts in criminal cases are not favored"), and the general practice of not including a specific advice of counsel question on the verdict form, see Exs. B, D.  The United States respectfully submits that the Court should follow the customary approach and no reference to advice of counsel should be made on the verdict form.

**C.    Conclusion**

For these reasons, the government submits that the Court should use the government's proposed verdict form and not include a specific advice of counsel interrogatory.