**DYNAMIS LLP**

ERIC S. ROSEN (*pro hac vice*)
erosen@dynamisllp.com
MICHAEL B. HOMER (*pro hac vice*)
mhomer@dynamisllp.com
EMILY J. SCARISBRICK (*pro hac vice*)
escarisbrick@dynamisllp.com
175 Federal Street, Suite 1200
Boston, Massachusetts 02110
(617) 802-9157

YUSEF AL-JARANI (Cal. Bar No. 351575)
yaljarani@dynamisllp.com
1100 Glendon Ave., 17th Floor
Los Angeles, California 90024
(213) 283-0685

*Attorneys for Defendant Andrew Left*

**AARON KATZ LAW LLC**

AARON KATZ (*pro hac vice*)
akatz@aaronkatzlaw.com
399 Boylston Street, 6th Floor
Boston, MA 02116
(617) 915-6305

**WEIL, GOTSHAL & MANGES LLP**

ADAM FEE (Cal. Bar No. 345075)
adamfee@weil.com
BEN NICHOLSON (Cal. Bar No. 317970)
ben.nicholson@weil.com
1999 Avenue of the Stars, Suite 1800
Los Angeles, CA 90067
(213) 667-5100

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ANDREW LEFT,<br><br>    Defendant. | Case No. 2:24-cr-00456-VAP<br><br>**DEFENDANT'S REQUEST FOR THEORY OF DEFENSE INSTRUCTIONS**<br><br>Date: May 26, 2026<br>Time: 2:00 p.m.<br>Ctrm: 8C<br>Judge: Hon. Virginia A. Phillips |

A criminal defendant is entitled to specific instructions that convey his theory of defense, so long as the theory is supported by the evidence, consistent with the law, and not adequately addressed by the court's other instructions. *See, e.g.*, *United States v. Marguet-Pillado*, 648 F.3d 1001, 1006 (9th Cir. 2011) ("A criminal defendant has a constitutional right to have the jury instructed according to his theory of the case, provided that the requested instruction is supported by law and has some foundation in the evidence. . . .  The district court's failure to give a defendant's requested instruction that is supported by law and has some foundation in the evidence warrants per se reversal, unless other instructions, in their entirety, adequately cover that defense theory." (quotation marks and citations omitted)). Now that the government's evidence is in, we respectfully submit that it is appropriate for the Court to consider specific theory of defense instructions.

The proposed jury instructions that the Court provided to the parties on Monday evening adequately cover some, but not all, of Mr. Left's theories of defense.  We respectfully submit that Mr. Left also is entitled to instructions that cover the following theories of defense, each of which is supported by the evidence and consistent with the law: (1) if Mr. Left subjectively believed the opinions that he expressed regarding a stock, those opinions are absolutely protected even if Mr. Left traded around his opinions for short-term profits; and (2) if Mr. Left omitted from his commentary information that he had a duty to disclose, that omission is material only if an objectively reasonable investor would consider the omitted information to be so important that it would have significantly altered the total mix of information regarding the security at issue.  We respectfully propose the following instructions:

**Proposed Instruction: Statements of Opinion**

Statements of opinion are protected and may not be prosecuted under the federal securities laws unless they are false or misleading.  A statement of opinion is not false or misleading if the speaker honestly believes the opinion, even if the opinion

- 1 -

turns out to be wrong or mistaken. A statement of opinion also is not false or misleading unless the opinion was objectively false. Accordingly, for the government to show that any of Mr. Left's opinions were false or misleading, the government must prove beyond a reasonable doubt both of the following: first, that Mr. Left did not honestly believe the opinion he expressed; and, second, that the opinion was objectively false.[1]

### Proposed Instruction: Materiality of Non-Disclosed Information

As I already have instructed you, the law did not impose any duty on Mr. Left to disclose his trading positions or trading strategy. I also instruct you that, to find that any non-disclosed information was material, the government prove beyond a reasonable doubt that an objectively reasonable investor would have considered the non-disclosed information so important that it would have significantly altered the total mix of information available regarding the stock at issue. In making that determination, you should consider whether an objectively reasonable investor would have expected the information to be included in Mr. Left's affirmative statements. It is not sufficient for the government to prove that Mr. Left's affirmative statements might have been important to an objectively reasonable investor. It also is not sufficient for the government to prove that the omitted information was something that an investor might liked to have known.[2]

---

[1] This instruction is consistent with *Bulgo v. Munoz*, 853 F.2d 710, 716 (9th Cir. 1988), and *Virginia Bankshares v. Sandberg*, 501 U.S. 1083, 1095 (1991), among other authorities.

[2] This instruction is consistent with *In re Apple Computer Sec. Lit.*, 886 F.2d 1109, 1116 (9th Cir. 1989), *Omnicare, Inc. v. Laborers Dist. Council Construction Industries*, 575 U.S. 175 (2015), *Arkansas Pub. Emps. Ret. Sys. v. Bristol-Meyers Squibb Co.*, 28 F.4th 343, 353 (2d Cir. 2022), and *TSC Industries Inc. v. Northway, Inc.*, 426 U.S. 438, 448–49 (1976), among other authorities.

- 2 -

DEFENDANT'S REQUEST FOR THEORY OF DEFENSE INSTRUCTIONS

Dated: May 26, 2026

Respectfully submitted,

DYNAMIS LLP

*/s/ Aaron M. Katz*
Eric S. Rosen (*pro hac vice*)
Michael B. Homer (*pro hac vice*)
Yusef Al-Jarani
Emily J. Scarisbrick (*pro hac vice*)

AARON KATZ LAW LLC
Aaron Katz (*pro hac vice*)

WEIL, GOTSHAL & MANGES LLP
Adam Fee
Ben Nicholson

*Attorneys for Defendant Andrew Left*

- 3 -

## CERTIFICATE OF COMPLIANCE

I certify, as counsel for Andrew Left, that this submission contains 658 words.

Dated: May 26, 2026                    */s/ Aaron M. Katz*

- 4 -

DEFENDANT'S REQUEST FOR THEORY OF DEFENSE INSTRUCTIONS