TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division
BENEDETTO L. BALDING (Cal. Bar No. 244508)
ANDREW M. ROACH (Cal. Bar No. 293375)
Assistant United States Attorneys
LORINDA I. LARYEA
Chief, Fraud Section
MATTHEW REILLY
Acting Assistant Chief
Criminal Division, Fraud Section
     1200/1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-1259/2274
     E-mail:  benedetto.balding@usdoj.gov
              andrew.roach@usdoj.gov
              matthew.reilly2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:24-cr-00456-VAP |
|---|---|
| Plaintiff, | PROPOSED MODIFICATIONS TO COURT'S JURY INSTRUCTION NO. 22 |
| v. | |
| ANDREW LEFT, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Benedetto L. Balding, Andrew M. Roach, and Acting Assistant Chief Matthew Reilly, hereby file the parties' Proposed Modifications to the Court's Jury Instruction No. 22.


Dated: May 26, 2026                    Respectfully submitted,

                                       TODD BLANCHE
                                       Acting Attorney General

                                       BILAL A. ESSAYLI
                                       First Assistant
                                       United States Attorney

                                       LORINDA I. LARYEA
                                       Chief, Fraud Section
                                       Criminal Division

                                          /s/
                                       BENEDETTO L. BALDING
                                       ANDREW M. ROACH
                                       MATTHEW REILLY

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

The parties have conferred and submit their proposed modifications to the Court's Proposed Jury Instruction No. 22. The government continues to believe the instruction is unnecessary and should not be given.  If, however, the Court is inclined to give the instruction the parties request and agree that the Court give the instruction provided in paragraphs one and two below.  The new language is bolded for the Court's convenience.  If the Court gives paragraphs one and two, the government separately requests the Court also give the additional language in paragraph three below (the scalping language), but defendant does not agree with that additional language.

**PROPOSED MODIFICATIONS TO**

**COURT'S INSTRUCTION NO. 22**

1.    *(Agreed upon by the parties)*  You have heard evidence concerning Mr. Left's trading and his published commentary about securities.  I instruct you on the following principles of law that apply to your consideration of that evidence.

2.    *(Agreed upon by the parties)*  The law does not impose a **freestanding** duty on a person who publishes commentary about a publicly traded security to disclose his trading positions or trading intentions regarding that security.  **However, when the allegation is a misrepresentation, such as a half-truth, a duty to disclose arises if critical qualifying information is omitted and material.  Half-truths require identifying affirmative assertions before determining if other missing information is needed to make those statements not misleading.**

3.    *(Government's additional requested language to paragraph three regarding scalping)*  The law does not impose a minimum period during which a person who publishes commentary about a publicly traded security must hold that security before trading it.  **While there is no holding period, the law prohibits scalping, which is a practice where the holder of a security recommends that security as an investment, whether long or short, with a pre-existing intent to profit from the ensuing market reaction.**

4