**DYNAMIS LLP**

ERIC S. ROSEN (*pro hac vice*)
erosen@dynamisllp.com
MICHAEL B. HOMER (*pro hac vice*)
mhomer@dynamisllp.com
EMILY J. SCARISBRICK (*pro hac vice*)
escarisbrick@dynamisllp.com
175 Federal Street, Suite 1200
Boston, Massachusetts 02110
(617) 802-9157

YUSEF AL-JARANI (Cal. Bar No. 351575)
yaljarani@dynamisllp.com
1100 Glendon Ave., 17th Floor
Los Angeles, California 90024
(213) 283-0685

**AARON KATZ LAW LLC**

AARON KATZ (*pro hac vice*)
akatz@aaronkatzlaw.com
399 Boylston Street, 6th Floor
Boston, MA 02116
(617) 915-6305

**WEIL, GOTSHAL & MANGES LLP**

ADAM FEE (Cal. Bar No. 345075)
adamfee@weil.com
BEN NICHOLSON (Cal. Bar No. 317970)
ben.nicholson@weil.com
1999 Avenue of the Stars, Suite 1800
Los Angeles, CA 90067
(213) 667-5100

*Attorneys for Defendant Andrew Left*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANDREW LEFT,<br><br>Defendant. | Case No. 2:24-cr-00456-VAP<br><br>**ANDREW LEFT'S MOTION *IN LIMINE* TO ADMIT DX 2286A**<br><br>Date: May 27, 2026<br>Time: 8:00 a.m.<br>Ctrm: 8C<br>Judge: Hon. Virginia A. Phillips |

## NOTICE OF MOTION AND MOTION

TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 27, 2026 at 8:00 a.m., Andrew Left will move to admit Defense Exhibit 2286A into evidence.

Dated: May 26, 2026

Respectfully submitted,

*/s/ A. Fee*
Adam Fee
Ben Nicholson
WEIL, GOTSHAL & MANGES LLP

Eric S. Rosen (*pro hac vice*)
Michael B. Homer (*pro hac vice*)
Yusef Al-Jarani
Emily J. Scarisbrick (*pro hac vice*)
DYNAMIS LLP

Aaron Katz (*pro hac vice*)
AARON KATZ LAW LLC

*Attorneys for Andrew Left*

Andrew Left moves to admit DX 2286A (the "Article") into evidence. DX 2286A is a further redacted version of DX 2286 which was offered, but not admitted into evidence, on May 26, 2026. The redactions address the Rule 403 objections made by the government. They remove commentary about what the law is and leave only six paragraphs, along with sufficient information to identify the author and the Article's publication date and platform. Mr. Left offers the Article for the non-hearsay purposes described below.

The redacted DX 2286A establishes that the New York Times published an article on June 8, 2017 that says Mr. Left (1) works with hedge funds, and (2) covered a short position within two hours of publishing commentary to take a profit. The Article is not offered to prove that Mr. Left works with hedge funds, though that is something the government has tried to prove throughout trial and which Mr. Left has not contested. Nor is the Article being offered to prove Mr. Left covered a short position soon after publishing his commentary, although that is also something that the government has sought to prove at trial and which Mr. Left has not contested. Rather, the Article is being offered to show that the New York Times told the public that these were things that Mr. Left did.

The Article is admissible to show that the New York Times told the public that Mr. Left worked with hedge funds and quickly covered his position after publishing a short report. The government's case rests in part on the claim that Mr. Left deceived the public by concealing that he worked with hedge funds and covered short positions quickly. Indeed, the government has to prove that these allegedly omitted facts were material—that failing to disclose his relationship with hedge funds and his trading "had a natural tendency to influence, or w[as] capable of influencing, a person to part with money or property."

The Article, therefore, is probative of a core issue in dispute: whether the public was deceived by Mr. Left not disclosing that he worked with hedge funds and covered

- 1 -

his position quickly. This Article demonstrates that the public was told Mr. Left does both of these things. Again, the Article is not being used to establish that Mr. Left *did* do these things (the government has proven that and Mr. Left agrees), but to show that the public was *told* this was happening. *See In re Kalobios Pharms., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1003–04 (N.D. Cal. 2017) (admitting news reports not for "the truth of their content, but rather to refute Plaintiffs' 'fraud-on-the-market' theory by demonstrating that public news sources had 'already widely disseminated the alleged omissions to the investing public.'").

The law of the case provides that the Article should be admitted for this non-hearsay purpose. As the Court previously stated, "Courts may take judicial notice of articles and their contents to show what information was available to the market, as all information available to the public impacts the market and securities prices whether or not investors relay and act on the information." ECF No. 348 at 11 (Court's Ruling on Motions in Limine); *see also Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 (9th Cir. 1999) ("tak[ing] judicial notice that the market was aware of the information contained in news articles submitted by the defendants"). As the government argued in its motion in limine to admit various news articles, "this is commonplace and important evidence in securities fraud cases as to the question of what information was in the informational landscape." ECF 222 at 14. Whether the public believed Mr. Left was working with hedge funds and covering quickly has become a core issue in the case, and the Article speaks directly to it.

Further, the government has already admitted and relied upon parts of the Article. The government's Exhibit 811 is a Citron Capital Investor Presentation which cites the Article:

## Citron Capital
## In the News

"Notorious short seller Andrew Left can send a stock tumbling with a single tweet…"
*Business Insider*, May 2018

"Andrew Left at Citron Research has made a name for himself by making bold – and often accurate – short calls on stocks."
*Barron's*, May 2018

"Andrew erased the idea that buying Valeant was a smart strategy… [He] knew it was a ball of gasoline-soaked rags."
"The Bounty Hunter of Wall Street," *NY Times Magazine* feature article, June 2017

"Even in the bombastic world of short selling, Andrew Left stands out."
"The Short Who Sank Valeant Stock," *Wall Street Journal*, October 2015

"I'm a truth-teller, the role I play in the market is I try to tell the other side of the story, when everybody blindly cheerleads, there's always another side of the story…"
Andrew Left, as quoted in *Financial Times*, July 2011

CITRON CAPITAL Confidential. Please do not distribute.

5

Exhibit 811 Page 6 of 22

USAO_03216615
00758675

GX 811 at 6 (highlighting added). The jury already knows that the Article exists and should not be deprived the ability to consider its contents.

The government's Rule 403 objection is without merit. Any concern that the excerpted material will be taken for the truth of the matter asserted—that Mr. Left did work with hedge funds and did cover his position quickly—can be cured by a limiting instruction akin to the ones given throughout trial. Further, the danger that the Article could be taken by jurors to establish the truth of the matters asserted is consistent with the government's theory of the case, that Mr. Left worked with hedge funds and sometimes covered quickly. So there is no prejudice to the government by admitting

the evidence. And any such prejudice is vastly outweighed by the probative value of the Article to a core issue the jury must decide.

Nor is there merit to the government's "time period" objection. The alleged "scheme" began "no later than in or about March 2018" (ECF 176, ¶18), which is just nine months after the Article was published. The Article was thus part of the mix of publicly available information throughout the period of the alleged scheme. *See Tadros v. Celladon Corp.*, 738 F. App'x 448, 448-49 (9th Cir. 2018) (holding that defendants' statements touting a company "were not misleading" because the "alleged flaws underlying the study and the sensitivity analysis [being used to tout the company] were disclosed by defendants in a publicly accessible journal article published *years before* Celladon went public." (emphasis added)). What matters is that the information was public at the time the government alleges Mr. Left was concealing it.

Accordingly, DX 2286 should be admitted to show what information was available to the public, what Mr. Left understood was publicly known, and the informational landscape against which the allegedly omitted information must be assessed.

- 4 -

Dated: May 26, 2026

Respectfully submitted,

*/s/ A. Fee*
Adam Fee
Ben Nicholson
WEIL, GOTSHAL & MANGES LLP

Eric S. Rosen (*pro hac vice*)
Michael B. Homer (*pro hac vice*)
Yusef Al-Jarani
Emily J. Scarisbrick (*pro hac vice*)
DYNAMIS LLP

Aaron Katz (*pro hac vice*)
AARON KATZ LAW LLC

*Attorneys for Andrew Left*

- 5 -

## **<u>CERTIFICATE OF COMPLIANCE</u>**

I certify, as counsel for Andrew Left, that this memorandum of points and authorities contains 981 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 26, 2026

*s/ A. Fee*
Adam Fee