# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>          v.<br><br>Andrew Left,<br><br>                    Defendant. | 2:24-cr-00456-VAP-1 |

## FINAL JURY INSTRUCTIONS

Dated:      5/28/26                    _Virginia A. Phillips_
                                        Virginia A. Phillips
                                        Senior United States District Judge

## COURT'S INSTRUCTION NO. 1.
### DUTY OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

United States District Court
Central District of California

COURT'S INSTRUCTION NO. 2.

CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION

OF INNOCENCE—BURDEN OF PROOF

The First Superseding Indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

United States District Court
Central District of California

COURT'S INSTRUCTION NO. 3.

ACTIVITIES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the charges in the First Superseding Indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

United States District Court
Central District of California

COURT'S INSTRUCTION NO. 4.

SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE DEFENDANT

A separate crime is charged against the defendant in each count. You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

United States District Court
Central District of California

COURT'S INSTRUCTION NO. 5.

REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

United States District Court
Central District of California

## COURT'S INSTRUCTION NO. 6.

## DEFENDANT'S DECISION TO TESTIFY

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

United States District Court
Central District of California

COURT'S INSTRUCTION NO. 7.

WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)    the sworn testimony of any witness;

(2)    the exhibits received in evidence; and

(3)    any facts to which the parties have agreed.

United States District Court
Central District of California

## COURT'S INSTRUCTION NO. 8.

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1.      Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.      Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

COURT'S INSTRUCTION NO. 9.

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

United States District Court
Central District of California

United States District Court
Central District of California

## COURT'S INSTRUCTION NO. 10.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

United States District Court
Central District of California

United States District Court
Central District of California

COURT'S INSTRUCTION NO. 11.

ON OR ABOUT—DEFINED

The First Superseding Indictment charges that the offenses alleged in the First Superseding Indictment were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the First Superseding Indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

COURT'S INSTRUCTION NO. 12.

OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from Ross Waller, Dr. Matthew Cain, Professor Andrew Verstein, and Martin Dirks who testified about their opinions and the reasons for those for those opinions.  This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

United States District Court
Central District of California

## COURT'S INSTRUCTION NO. 13.

## CHARTS AND SUMMARIES

**Charts and Summaries Not Admitted Into Evidence**

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**Charts and Summaries Admitted Into Evidence**

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

COURT'S INSTRUCTION NO. 14.

MEDIA EXHIBIT JURY INSTRUCTION

You have heard evidence in the form of news media, press articles, newswire stories, and electronic news compilations. This evidence was admitted for a limited purpose only: to show what information was available in the market place during the relevant times. You are not to consider this evidence for any other purpose, such as whether or not the information in the publications is true.

United States District Court
Central District of California

United States District Court
Central District of California

COURT'S INSTRUCTION NO. 15.

COUNT ONE—SECURITIES FRAUD IN VIOLATION OF

18 U.S.C. § 1348(1)

The defendant is charged in Count One of the First Superseding Indictment with committing a securities fraud scheme in violation of Section 1348 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant executed or attempted to execute a scheme or artifice to defraud a person or entity;

Second, the statements made or facts omitted as part of the scheme were material, that is, there is a substantial likelihood that a reasonable investor would consider them important in making the decision to purchase or sell securities;

Third, the defendant did so knowingly and with intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the scheme or artifice to defraud was in connection with any security as defined in the next instruction.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

COURT'S INSTRUCTION NO. 16.

For purposes of Count One of the First Superseding Indictment, a security that forms the basis of a conviction under 18 U.S.C. Section 1348(1) must be of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act or that was required to file reports under Section 15(d) of the Securities Exchange Act.

COURT'S INSTRUCTION NO. 17.

For purposes of Count One of the First Superseding Indictment, Namaste Technologies Inc. ("NXTTF") is not a security of an issuer with a class of securities registered or reported under Sections 12 and 15(d) of the Securities Exchange Act of 1934, and thus a scheme or artifice to defraud any person in connection with Namaste's securities cannot serve as the sole basis for which the defendant is convicted under 18 U.S.C. § 1348(1). Nevertheless, conduct related to securities not covered under Section 12 or 15(d) of the Securities Exchange Act of 1934, including Namaste Technologies Inc's securities, may be relevant to a scheme or artifice to defraud any person in connection with a security of an issuer with a class of securities that is registered under Section 12 of the Securities Exchange Act of 1934 and reported under Section 15(d) of the Securities Exchange Act of 1934.

## COURT'S INSTRUCTION NO. 18.

## COUNT ONE—KNOWINGLY DEFINED

For purposes of Count One, an act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

United States District Court
Central District of California

United States District Court
Central District of California

## COURT'S INSTRUCTION NO. 19.

## COUNT ONE—SPECIFIC UNANIMITY

In order to find the defendant guilty on Count One, all members of the jury must agree unanimously that the Government proved all four elements of Count One and, if so, that the scheme was executed in connection with the same security of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act or that was required to file reports under Section 15(d) of the Securities Exchange Act.

You must unanimously agree on the specific conduct for which you are convicting the defendant, including specification of the subject securities.  It is not sufficient that some jurors believe the defendant committed fraud in connection with certain securities and other jurors believe the defendant committed fraud in connection with different securities.  You must all agree as to each security.

If you unanimously find defendant guilty in connection with the same security, you must indicate which security on the verdict form.  You may select more than one security on the verdict form for Count One so long as you are unanimous as to each selected security.

COURT'S INSTRUCTION NO. 20.

COUNTS TWO THROUGH SEVENTEEN—SECURITIES FRAUD IN

VIOLATION OF 15 U.S.C. § 78j(b)

The defendant is charged in Counts Two through Seventeen of the First Superseding Indictment with securities fraud in violation Section 78j(b) of Title 15 of the United States Code. Each count alleges that on or about the date specified, the defendant used manipulative and deceptive devices, made false or misleading statements, or engaged in a fraudulent scheme in connection with the purchase and sale of securities of the issuer identified as follows:

| Count | Date (On or About) | Security |
|-------|--------------------|----------|
| Two | August 30, 2018 | Cronos Group Inc. (CRON) |
| Three | October 4, 2018 | Namaste Technologies Inc. (NXTTF) |
| Four | October 18, 2018 | PolarityTE Inc. (PTE) |
| Five | October 23, 2018 | Tesla, Inc. (TSLA) |
| Six | November 20, 2018 | NVIDIA Corporation (NVDA) |
| Seven | December 20, 2018 | Twitter, Inc. (TWTR) |
| Eight | December 26, 2018 | Facebook, Inc. (FB) |
| Nine | January 8, 2019 | Roku, Inc. (ROKU) |
| Ten | May 17, 2019 | Beyond Meat, Inc. (BYND) |
| Eleven | July 31, 2019 | Invitae Corporation (NVTA) |
| Twelve | August 16, 2019 | General Electric Company (GE) |
| Thirteen | January 31, 2020 | Luckin Coffee Inc. (LK) |
| Fourteen | April 20, 2020 | Novavax, Inc. (NVAX) |

United States District Court
Central District of California

United States District Court
Central District of California

| Fifteen | June 5, 2020 | American Airlines Group Inc. (AAL) |
| Sixteen | November 27, 2020 | Palantir Technologies Inc. (PLTR) |
| Seventeen | December 23, 2020 | XL Fleet Corp. (XL) |

For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant willfully used a device or scheme to defraud someone, made an untrue statement of material fact, failed to disclose a material fact that resulted in making the defendant's statements misleading, or engaged in any act, practice, or course of business that operates or would operate as a fraud or deceit upon any person;

Second, the defendant's acts were undertaken, statement was made, or failure to disclose was done in connection with the purchase or sale of the security charged in the specific count;

Third, the defendant directly or indirectly used a national securities exchange (i.e., New York Stock Exchange ("NYSE") or National Association of Securities Dealers Automated Quotations Stock Market ("NASDAQ")) or used a means or instrumentality of interstate commerce in connection with these acts (i.e., the purchase of the security charged in the specific count);

Fourth, the defendant acted knowingly.

For the purposes of this count, "willfully" means intentionally undertaking an act, making an untrue statement, or failing to disclose for the wrongful purpose of defrauding or deceiving someone.  Acting willfully does

23

United States District Court
Central District of California

not require that the defendant know that the conduct was unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted willfully.

For the purposes of these counts, "knowingly" means to make a statement or representation in respect to a material fact that is untrue and known to the defendant to be untrue, to fail to state something that the defendant knows is necessary to make other statements true, or intentional conduct that is undertaken to control or affect the price of securities.  An act is done, a statement is made, or a failure to disclose is done knowingly if the defendant is aware of the act, the statement, or the failure to disclose and did not act, make the statement, or fail to disclose through ignorance, mistake or accident.  The government is not required to prove that the defendant knew that his acts were unlawful, it was unlawful to make the statement, or his failure to disclose was unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

For the purposes of these counts, "reckless" means highly unreasonable conduct that is an extreme departure from ordinary care, presenting a danger of misleading investors, which is either known to the defendant or so obvious that the defendant must have been aware of it.

A fact is material if there is a substantial likelihood that a reasonable investor would consider it important in making the decision to purchase or sell securities.

It is not necessary that an untrue statement passed through or over a national securities exchange (i.e., NYSE or NASDAQ) or an instrumentality of interstate commerce so long as the national security exchange or instrumentality of interstate commerce was used as a part of the purchase or sale transaction

It is not necessary that the defendant made a profit or that anyone actually suffered a loss.

United States District Court
Central District of California

# COURT'S INSTRUCTION NO. 21.

## "IN CONNECTION WITH"—DEFINED

Conduct that is "in connection with" the purchase or sale of a security, as alleged in the First Superseding Indictment, means the conduct had some relationship to or was connected with the purchase or sale of securities.

United States District Court
Central District of California

COURT'S INSTRUCTION NO. 22.

The law does not impose a freestanding duty on a person who publishes commentary about a publicly traded security to disclose his trading positions or trading intentions regarding that security.

However, when the allegation is a misrepresentation, such as a half-truth, a duty to disclose arises if critical qualifying information is omitted and material.  Half-truths require identifying affirmative assertions before determining if other missing information is needed to make those statements not misleading.

COURT'S INSTRUCTION NO. 23.

ADVICE OF COUNSEL

If the defendant relied in good faith on the advice of an attorney that his conduct was lawful, then he lacked the intent to defraud or willfulness required to prove the offenses charged.

The defendant relied in good faith on the advice of counsel if:

First, before taking action, he in good faith sought the advice of an attorney; and

Second, he consulted this attorney for the purpose of securing advice on the lawfulness of his possible future conduct; and

Third, he made a full and accurate report to his attorney of all material facts that he knew; and

Fourth, he then acted strictly in accordance with the advice of this attorney.

The defendant does not have to prove his good faith. Rather, the government must prove beyond a reasonable doubt that the defendant acted with the intent to defraud, or willfully, as charged in the.

Because the parties are in agreement that Mr. Martel had not yet been retained by or provided advice to Citron Capital as of August 30, 2018, this instruction does not apply to Count Two.

United States District Court
Central District of California

## COURT'S INSTRUCTION NO. 24.
## DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes,

sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

United States District Court
Central District of California

## COURT'S INSTRUCTION NO. 25.

## USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

United States District Court
Central District of California

COURT'S INSTRUCTION NO. 26.

JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

COURT'S INSTRUCTION NO. 27.

VERDICT FORM

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

United States District Court
Central District of California

COURT'S INSTRUCTION NO. 28.

COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.